## O. POLLARD *v.* R. THOMAS.

1. TRUST DEED. *Beneficiary's right. Law suit.*
   A beneficiary in a chattel trust deed can maintain no action at law in his own name for the proceeds of the chattel, but should sue in the name of the trustee. *Lowenburg* v. *Jones,* 56 Miss. 688, followed; *Elson* v. *Barrier,* 56 Miss. 394, explained.

2. EQUITY. *Action. Defense.*
   The right of an equitable owner of a debt to plead his equity in a law suit brought against him by the debtor, in the manner stated in *Ashby* v. *Carr,* 40 Miss. 64, is purely defensive, and cannot be made the basis of an action.

APPEAL from the Circuit Court of Chickasaw County.

HON. J. W. BUCHANAN, Judge.

This action by the appellee against the appellant for the value of a mare resulted in a verdict for the plaintiff upon the following facts: Byrd Williams, who had given the appellant a trust deed on

the mare, finding that it was unrecorded, sold her to Stark Hughes. A deed was soon afterward recorded from Hughes to W. J. Lyon conveying the mare in trust, with power to sell on the grantor's default and with the proceeds pay a note when due the appellee. Before Hughes's note, thus secured, became payable, the appellant took and sold the mare, and after it fell due the appellee sued.  A charge to find for the defendant was refused by the court, as was one that the beneficiary could not recover, and a motion for a new trial based on these grounds was overruled.

*W. R. Harper,* for the appellant.

In this case the plaintiff must show that he had a special or general ownership and the right of immediate possession at the time of the conversion. *Isaacs* v. *Hermann,* 49 Miss. 449 ; *Bradley* v. *Copley,* 50 E. C. L. 684 ; *Pennsylvania Railroad Co.* v. *Hughes,* 39 Penn. St. 521, 525.   Before the condition was broken, when the sale was made, the grantor had the ownership and right of possession. Code 1880, § 1204 ; *Freeman* v. *Cunningham,* 57 Miss. 67. Thomas had merely a security for his debt.   There is no legal title to sustain his suit.   Stark Hughes can maintain an action for the conversion of the mare, and it is settled that two persons cannot have this right.   *M'Farland* v. *Smith,* Walker 172 ; *Ring* v. *Neale,* 114 Mass. 111.   The only way to avoid the decision of *Buck* v. *Payne,* 52 Miss. 271, is to show that the wrong was committed after the breach.   Equity will enforce the right of the *cestui que trust,* but he cannot maintain an action at law.   *Elfe* v. *Cole,* 26 Ga. 197.   The trustee alone is entitled to possession after the debt falls due.

*A. Y. Harper,* on the same side.

*W. J. Lacey,* for the appellee.

Opposing counsel contends that the plaintiff has no standing in court because the trustee should have sued.   But this position is untenable since the announcement in the case of *Elson* v. *Barrier,* 56 Miss. 394.   By Pollard's wrongful silence the appellee was induced to waive the tort, and, adopting the conversion as a sale, to sue in assumpsit for the value of the mare.   This he had a right to do.   *Isaacs* v. *Hermann,* 49 Miss. 449 ; *Evans* v. *Miller,* 58

| Conclusion of the briefs. | Opinion of the court. |
| --- | --- |

Miss. 120. Assumpsit lies for money in the defendant's hands which in equity and good conscience belongs to the plaintiff.

*W. E. Baskin*, on the same side.

A deed of trust does not create a mere lien. It confers title. After condition broken, the grantee can maintain any action which is maintainable by an owner. *Elson* v. *Barrier*, 56 Miss. 394. This action is not for the mare, but its proceeds. If the *cestui que trust* cannot sue, what is his remedy? The grantee in a deed of trust, and not the trustee, is entitled to the proceeds of the property sold. Opposing counsel argues this as if it was an action of trover, but assumpsit is rather the nature of the suit. *Evans* v. *Miller*, 58 Miss. 120 ; Code 1880, § 1536.

COOPER, J., delivered the opinion of the court.

The right of the appellee to the proceeds of the mare is purely an equitable one, and gives him no standing, suing in his own name, in a court of law. The action should have been brought by the trustee, or, if brought by the appellee, he should have sued in the name of the trustee for his use. *Lowenburg* v. *Jones*, 56 Miss. 688. In *Elson* v. *Barrier*, 56 Miss. 394, the objection that the suit was in the name of the *cestui que trust* was not made, and the defense, being technical, was not raised by the court. While it is true that one having the right to maintain an action of tort may in some cases waive the tort and sue in assumpsit, it does not follow that one may waive the tort done to another and thus acquire the right to sue. In *Ashby* v. *Carr*, 40 Miss. 64, it was decided that the holder of an open account transferred by delivery only might plead it as a set-off in an action brought against him by the debtor in the account, and this decision was followed in *Hunt* v. *Shackleford*, 55 Miss. 94. But this right is defensive only and cannot be made the foundation of a suit.

*Judgment reversed.*