### B. F. GARRETT v J. E. CARLTON & SONS.

1. REPLEVIN. *Based on trust deed. By whom to be brought.*

   An action of replevin to recover possession of property by virtue of a deed of trust the condition of which is broken, must be brought in the name of the trustee. *Pollard* v. *Thomas*, 61 Miss., 152, cited.

2. SAME. *For cotton distrained for rent. Avowry. Failure to reply. Irrelevant evidence. Continuance.*

   G. distrained certain cotton, as the property of one D. C. replevied the cotton and filed a declaration alleging that it was his cotton and not the cotton of D. G. filed an avowry in which he alleged that he had leased D. certain land for a year stated, that he had furnished supplies to D. during that year to make a crop on the leased premises, that this cotton was grown thereon and that the supplies were still unpaid for. There were no further pleadings. On the trial the plaintiff, C, was permitted to adduce evidence to show (1) that the landlord never advanced supplies to his tenant; (2) that, if so, he had been paid therefor; (3) that the landlord had ejected the tenant from part of the leased premises; (4) that he had permitted his stock to trespass upon the crops of the tenant, whereby a right to recoup arose. Thereupon the defendant asked for a continuance on the ground of surprise. *Held,* that the continuance ought to have been granted. No issue of law or fact was joined or tendered by the plaintiff, and hence the evidence offered was irrelevant and must have surprised the defendant.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

B. F. Garrett sued out an attachment for rent against one Alex. Dolphin and caused the same to be levied on certain cotton.

Thereupon J. E. Carlton & Sons, claiming the cotton by virtue of certain deeds of trust executed to one Minor, trustee, for their benefit, by certain tenants of Dolphin, sued out a writ of replevin to recover possession of the cotton so seized by virtue of Garrett's attachment. With this writ of replevin, Carlton & Son filed a declaration in the usual form setting up that the property distrained was their property, and was not the property of Alex. Dolphin.

B. F. Garrett appeared and filed an avowry in which he denied the right of plaintiffs to maintain their action, and alleged that Dolphin was "indebted to him in the sum of $668.60 for supplies furnished him during the year 1884 for himself and others for whom Dolphin contracted, and for the business of Garrett carried on upon certain premises leased by said Garrett to said Dolphin for said year of 1884;" that such indebtedness was and still is unpaid, and that the cotton seized was raised on the premises so leased, during the year 1884.

There were no further pleadings, and the case was proceeded with to trial. The only evidence introduced on the trial was presented by the plaintiffs and is sufficiently set out in the opinion of the Court. When this evidence was offered there seems to have been no objection; but when plaintiffs had closed their evidence, the defendant stated that he was taken by surprise by such testimony and asked for a continuance, which the Court refused to grant. The jury found for the plaintiffs. The defendant appealed.

*Oglesby & Taylor*, for the appellant.

1.  This cause should be reversed because J. E. Carlton & Sons hold neither the legal title to the property nor the right of possession.

It is well settled that beneficiares in a trust deed cannot recover property in a suit at law or maintain replevin. *Pollard* v. *Thomas*, 61 Miss., p. 152 and Code Section 1317.

2.  The court seriously erred in admitting the evidence in relation to damages to crop.

Under proper pleadings such damages, if established, could be recouped against rent and supplies, but certainly not under the pleadings in this case. Defendant filed his proper avowry but plaintiffs filed no plea thereto, gave no notice of any claim for damages and filed no account or bill of particulars. The first intimation of such claim for damages was when they offered to prove such. Certainly they should have filed proper plea to our avowry and given notice of this claim. How, without this, could defendant ever know what claim or defence plaintiffs would assert against defendant's avowry. The ruling of the court admitting such evidence was clearly error. See Code 1880, Sections 1540 and

1554; *Maxey* v. *White*, 53 Miss., p. 80; 52 Miss., p. 842; 51 Miss., p. 478; *Kendrick* v. *Watkins*, 54 Miss., 495.

*Taylor & Kyle*, for the appellees.

The allegation of a surprise by the proof of damages to the crop is a mere pretense, and the fact that the paper setting out the amount claimed against the rent was only filed on the day of the trial is of no consequence. It need not have been filed at all, and was only filed to satisfy the peculiar notions of counsel on the other side.

COOPER, C. J., delivered the opinion of the Court.

The appellees have introduced no evidenc tending to show a legal title to the property sought to be recovered by them. The extent of their claim is that it was conveyed by the owners to one Minor as trustee to recover certain debts due to plaintiff. If by reason of their conveyances a right is to be asserted in a court of law, the action should be in the name of the trustee who has the legal title and not by the beneficiaries who have not.

*Pollard* v. *Thomas*, 61 Miss., 152.

In *Maxey* v. *White*, 53 Miss., 82, this court detailed the correct practice to be followed in suits of this character, and which if adopted would relieve the parties from that uncertainty which otherwise must prevail as to what points are involved and to be tried. There is no reason why in these cases definite issues should not be arrived at by the usual form of pleading; but an impression seems to obtain, that in controversies between a plaintiff in replevin, and a landlord who has sued out a distress warrant, all that is necessary to be done is to get the parties in court, and this being done they are to be considered as at issue on all conceivable questions.

In this case the declaration of the plaintiff was met by an avowry by the landlord, which on the facts therein stated clearly entitled him to maintain his writ. No issue of law or of fact was joined or tendered by the plaintiffs; but they at once began to introduce evidence to show, that the landlord never advanced supplies to his tenant; that if he had done so he had received payment therefor; that he had ejected the tenant from a part of the leased premises and therefore could not recover full rent; and

that he had permitted his stock to depredate upon the crops of the tenant, whereby a right to recoup the damages against the rent and supply bill had arisen.

The landlord does not seem to have interposed any objection to evidence of these facts upon the ground that they were irrelevant because no issue was joined under which the proof could be made, but protested against proceeding with the trial on the ground that he was taken by surprise by the evidence. If it could be said that by failing to make the objection of the want of a proper issue the defendant has precluded himself from now making the point, it would remain true that his application for a continuance should have been granted, for it must be, that one who is not advised by the pleading of an intention on the part of his adversary to introduce such testimony as was here offered, is surprised thereby. There is another fatal defect in the plaintiffs case, which is, that it is no where shown in evidence that the cotton they have sued for was grown by the parties who executed the deed of trust through which they claim.

*The judgment is reversed and cause remanded.*