Oates *et al. v.* Sumrall.

(Division A.   Oct. 17, 1938.)

[183 So. 693.   No. 33311.]

**O. M. Oates**, of Bay Springs, for appellants.

McFarland & McFarland, of Bay Springs, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

On the 16th day of November, 1936, Hegwood executed a deed of trust on certain personal property to C. S. Sumrall, trustee, to secure the payment of an indebtedness due by Hegwood to Toler. On November 24, 1937, Sumrall instituted an action of replevin for the recovery of the property against Daisy Wade, in whose possession the property then was. The writ of replevin was served on November 26th, and Daisy Wade gave bond

for the property. The case was tried in the court of a justice of the peace, where judgment was rendered for Sumrall, from which Daisy Wade appealed to the circuit court. After the case reached that court, an affidavit was filed by Oates, trustee, in a deed of trust from Daisy Wade to Bay Springs Bank, which he claims covers the property here in question. Another affidavit claiming the property was filed by J. A. Wade, the affidavit stating that his claim to the property was subordinate to that of the Bay Springs Bank. The issue between Sumrall and Daisy Wade was tried, resulting in a verdict for Sumrall. Whereupon, both of the claimants requested the court to make up issues between them and Sumrall for the trial of the right to the property as provided by Section 3102, Code of 1930. This, the court declined to do, and the claimants have brought the case to this court. Section 3102, Code of 1930, provides for filing of claims by third persons to property seized under a writ of replevin, and Section 3103 provides that ''after the trial of the action of replevin, an issue shall be made up between the successful party and the claimant as to the validity of his claim, and a trial shall be had; and if the issue be found against the claimant, and the property were delivered to him,'' etc. In support of the refusal of the court below to comply with this section, the appellee says that these claimants were not entitled to a trial of their claims to the property for the reasons: (1) they claim through Daisy Wade, and the jury on the issue between her and the appellee found that she was not entitled to the possession of the property; (2) as to Oates, trustee, the deed of trust to him for the Bay Springs Bank was not recorded until after the writ of replevin had been served and a bond given by Daisy Wade for the property; and (3) as to J. A. Wade, he testified on the trial of the issue between Daisy Wade and the appellee in support of her claim to the possession of the property as against the appellee. All of these reasons are without merit, for a claimant under the stat-

ute is entitled to a trial of his claim to the property in a proceeding to which he is a party, and the judgment rendered on the issue between Daisy Wade and the appellee is in no way determinative of the appellant's claim, they not having been parties thereto.

Reversed and remanded.