## WELLS *v.* BULLOCK.

(In Banc. Jan. 26, 1942.)

[5 So. (2d) 686. No. 34785.]

Bidwell Adam and English Lindsey, both of Gulfport, for appellant.

**H. W. Gautier,** of Pascagoula, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Bullock instituted an action to recover from Wells the alleged balance due on the purchase money of a used motor truck. When Bullock sold and delivered the trucks to Wells, he represented to Wells that he had an unencumbered title thereto, and he sold it unconditionally. The transaction was distinctly evidenced by a written bill of sale; there was no retention of title to secure the deferred monthly payments, nor was there any provision whatever for an acceleration of the deferred payments.

Bullock had bought the truck from Cockroft who had

reserved title for the security of the balance of the purchase price, which, according to Cockroft, was unpaid and past due. A few days after the sale to Wells, the possession of the truck was demanded of Wells by Cockroft, who succeeded in convincing Wells that the demand should be honored; but Wells immediately notified Bullock that Cockroft had taken the property, whereupon Bullock went to Cockroft, paid the balance claimed by him, and the truck was delivered by Cockroft to Bullock.

It was thereupon the duty of Bullock to redeliver it immediately to Wells, and to do so unconditionally. But instead, Bullock, in his offer to redeliver, sought to attach thereto the condition that Wells then pay the balance of the purchase-money installments, none of which were at that time due. Wells declined the proposed condition and countered by demanding repayment of that part of the purchase price theretofore paid by him to Bullock. Wells testified that when Bullock brought the truck to him, and when, as stated, it should have been redelivered to Wells unconditionally under the terms of the original contract between them, "he said before I got the truck back I would have to pay him the notes." Bullock makes no denial of this, but in his own testimony he admits that he said to Wells, "I am not going to give it back to you. I want you to pay for it." As stated, Wells declined this new or different undertaking, and Bullock drove the truck to his, Bullock's, home and thereafter made no effort to deliver it, or have it delivered, to Wells under the terms of the bill of sale; wherefore Bullock was in the same legal attitude as he would have been had he refused delivery at the time of the original sale, and, consequently, was in no position thence to demand the balance of the purchase price; from which it follows that the motion of Wells to exclude the evidence and for a directed verdict in his favor should have been sustained.

All the foregoing would be quite clear, except for a subsequent happening which was this: When Bullock declined to redeliver the truck except upon the new con-

dition mentioned, Wells consulted the justice of the peace of the district as to how he, Wells, should go about the recovery from Bullock of that part of the purchase money already paid to Bullock. The justice of the peace advised that an affidavit in replevin should be made, which was accordingly done, and the truck was seized by the constable. When the case came on for trial before the justice of the peace, it was tried as if merely an action in debt, and there was a jury verdict for Wells simply for the amount theretofore paid by him to Bullock. The latter appealed, and when the case came on for trial anew in the circuit court, Wells attempted again to try it as no more than an action in debt, and when the circuit court declined to permit the case to be determined upon that as an issue, Wells took a voluntary nonsuit.

Bullock's contention is that when Wells made the affidavit in replevin, which averred that he was entitled to the immediate possession of the truck and that Bullock wrongfully detained it, followed by the seizure by the constable, Wells was thenceforward in no position to deny legal possession in him, and hence in no position to resist the payment of the balance of the purchase price. When this replevin affidavit was made, followed by the seizure, had Bullock reversed his previous attitude and had he at once delivered the truck, or directed it to be delivered, to Wells at Bullock's cost, we would have a different case. But Bullock did not so do or direct; on the contrary, he filed in the replevin case a plea of not guilty, which, under the statute, Section 3097, Code 1930, operated as a denial that Wells was entitled to the possession of the property.

It will thus be seen that Bullock's position not only before the institution of the replevin action but during its course and on through until its voluntary nonsuit was that Wells was not entitled to the possession of the property under the terms of the contract as made when the truck was purchased, and, therefore, as against Bullock, in the present action to recover the alleged purchase

price of the truck, there must be applied the familiar principle that a plaintiff must recover, if at all, on the strength of his own disclosed position and right and not upon the weakness of some particular position taken by the defendant—unless, of course, an estoppel or the equivalent thereof has arisen against the defendant, which is not the case here. The voluntary nonsuit by Wells of his replevin action operated, so far as the merits were concerned, to return the parties to the same position as if that action had never been brought, Lucedale Commercial Co. v. Strength, 163 Miss. 346, 141 So. 769; and although Wells mistook his legal remedy in that action, this did not change the dominant facts, whence no estoppel against him arose. Mississippi Power & Light Co. v. Pitts, 181 Miss. 344, 358, 179 So. 363.

We have laid aside the fact that the present action was brought for the entire amount when only two of the six installments were, in any event, due; and also the letter written by Bullock to Wells a month or so before the institution of the action. The contents of the letter are not sufficiently disclosed that we may see therefrom whether material to the case as above outlined.

Reversed, and judgment here for appellant.