## ERWIN *v.* POTTS.

Feb. 23, 1953

No. 38685      21 Adv. S. 16    63 So. 2d 50

*W. D. Coleman* and *James D. Dobbs,* for appellant.

*Livingston & Fair,* for appellee.

KYLE, J.

This is an action in replevin instituted by the appellant, R. F. Erwin, as plaintiff in the court below, against the appellee, William C. Potts, as defendant, to recover possession of a 1941 Model Ford Deluxe two-door automobile. The plaintiff alleged in his declaration that he had refinanced the automobile for one Arthur Junior Moore under a conditional sales contract, and that default had been made in the payment of the installments of indebtedness becoming due under the contract, and that he was entitled to the immediate possession of the automobile.

The case was tried first in a justice of the peace court and later, on appeal, in the circuit court, where judgment was rendered in favor of the defendant. From that judgment the plaintiff has prosecuted this appeal.

Upon the trial of the case in the circuit court the plaintiff testified that he was engaged in the business of selling automobiles in the Town of Ackerman, under the trade name of R. F. Erwin Motor Company, and that on September 15, 1951, the above mentioned Arthur Junior Moore came to him and told him that "he had just paid his car out and he wanted some insurance on it." The plaintiff stated that Moore at that time owed him a small repair bill amounting to $30.05, and that he agreed to purchase the automobile from Moore and to sell it

back to him immediately under a conditional sales contract. The purpose of this arrangement, the plaintiff said, was to enable Moore to get some money with which to pay some small bills that he owed and to obtain insurance on the automobile. The plaintiff prepared and had Moore execute a conditional sales contract, which showed a time balance of $206.60, to be paid in 10 monthly installments of $20.66 each. A copy of the conditional sales contract was attached to the plaintiff's declaration and was introduced in evidence as an exhibit to the plaintiff's testimony. The plaintiff testified that the conditional sales contract had then been assigned by him to the Universal C.I.T. Credit Corporation; that Moore, after paying two installments on the indebtedness, defaulted on the remaining installments; and that the plaintiff had thereafter paid to the corporation the balance due the corporation on the contract.

The plaintiff stated that the conditional sales contract was still in the possession of the credit corporation and for that reason could not be produced at the time of the trial. The plaintiff testified that he had taken a bill of sale of the automobile from Moore at the time that he made the alleged purchase of the automobile, but that he was unable to locate the bill of sale, and the bill of sale was not introduced in evidence.

On cross-examination the plaintiff again stated that he had transferred the conditional sales contract to the Universal C.I.T. Credit Corporation; and it clearly appears from the plaintiff's testimony that the contract had not been reassigned to him at the time of the trial.

Albert S. Gooch, the district manager of the Universal C.I.T. Credit Corporation, identified the dealer's copy of the Moore account. He stated that the corporation had advanced Erwin $108.00 on the Moore contract, and that the plaintiff had repaid to the corporation the balance due on the contract, which was $132.65. He stated that under the arrangement which the credit corporation had made with automobile dealers for the purchase

of their conditional sales contract paper, "if the customer doesn't make the payments we repossess the automobile and return it to the dealer, and the dealer pays us the net, whatever it is, less the unearned financial and interest charges," but that, if the corporation purchased the paper on a straight guaranty and default was made in the account, the corporation called on the dealer for the net balance due on the account and the dealer "has to go get the car."

At the conclusion of the testimony offered on behalf of the plaintiff the court sustained a motion of the defendant to exclude the evidence and rendered a judgment for the defendant.

The trial judge based his ruling on the ground that there had been no actual sale of the automobile to the plaintiff; that there had been no change in the possession of the automobile at the time of the alleged purchase of the automobile by the plaintiff from Moore, and that the automobile remained in Moore's possession subject to a repairmen's lien in favor of the plaintiff. The trial judge cited in support of his ruling the case of Payne v. Parker, 95 Miss. 375, 48 So. 835.

The appellant's attorneys in their brief contend that the rule laid down in Payne v. Parker is not applicable to the facts in this case, and that the holding of the Court in that case was modified by the holding of the Court in the later case of Burkhalter v. Mitchell, 107 Miss. 92, 64 So. 967.

It is not necessary, however, that we discuss at this time the opinions rendered in the above mentioned cases, for the reason that the conditional sales contract that we have here shows on its face that the right of possession, if any, created by that instrument, is vested in the Universal C. I. T. Credit Corporation, and not in the plaintiff. The conditional sales contract upon which the plaintiff's action is based, provides that "Title to the car is retained by the holder hereof (meaning Seller, or Universal C.I.T. Credit Corporation hereinafter called

'Universal C.I.T.' if this contract is assigned to it), until said balance is fully paid in money.'' The contract also provides that, ''No change in this contract shall be binding unless in writing signed by an officer of Universal C.I.T.'' The contract concludes with these words: ''The foregoing contract is hereby accepted and assigned to Universal C.I.T. Credit Corporation,'' and the contract is signed by Arthur J. Moore and by R. F. Erwin Motor Company.

Assuming that the conditional sales contract was a valid contract, the record that we have here shows that the title to the automobile retained in the conditional sales contract was vested in the Universal C.I.T. Credit Corporation by virtue of the terms of the contract and the above mentioned assignment, and that the contract had not been reassigned to the appellant at the time the writ of replevin was issued. It is true that the appellant testified that Moore had made only two payments under the conditional sales contract and that the appellant had paid to the Universal C.I.T. Credit Corporation the balance due and owing to the credit corporation on the contract, and if these facts were true the appellant was entitled to have the contract reassigned to him by the credit corporation. But, until such reassignment was made, the legal title to the automobile and the right of action to obtain possession of the automobile remained vested in the credit corporation.

''In order to maintain a replevin action, the plaintiff must, at the time of the institution of the suit, be entitled to the immediate possession of the property claimed. He must recover on the strength of his own right of possession, and not on the weakness of that of his adversary. Unless he shows such title or right to possession, the defendant, even though without title or right of possession, will not be compelled to deliver the property.'' 46 Am. Jur. p. 16, Replevin, par. 25.

It is well settled that replevin is a possessory action, and that the plaintiff in replevin must be able to show

his right to the immediate possession of the property. Buck v. Payne, 52 Miss. 271; Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878; Tatum v. Sciscoe, 189 Miss. 803, 199 So. 70.

The trial judge was justified in holding that the plaintiff had failed to show a right to the immediate possession of the automobile. But we express no opinion on the question of the validity of the conditional sales contract itself, or the right of the appellant to enforce a lien on the automobile for the payment of the balance of the unpaid installments called for in the contract.

Affirmed.

*McGehee, C. J., Lee, Arrington* and *Ethridge, JJ.,* concur.