FRIERSON, et al. *v.* MISSISSIPPI ROAD SUPPLY CO.

No. 39298 October 18, 1954 75 So. 2d 70

*Williams & Williams,* Poplarville, for appellants.

*Morse & Morse,* Poplarville, for appellee.

806

LEE, J.

This is an appeal by Alton and Luther Frierson from a judgment of the Circuit Court of Pearl River County under which they were held liable to the Mississippi Road Supply Company, a corporation, in the sum of $751.20, and the tractor in controversy was ordered to be sold for credit on the judgment.

Lyman L. Frierson purchased a tractor from Mississippi Road Supply Company, and on February 26, 1949, executed to C. C. Boadwee, trustee for the seller, a deed of trust thereon. Subsequently on February 13, 1950, he executed to the same trustee an additional deed of trust on the tractor for the sum of $1,600.00, payable $100.00 monthly thereafter. The note, evidencing the debt which was secured by the second deed of trust, was signed by him and by Alton and Luther Frierson, his brother and father.

On June 18, 1952, C. C. Boadwee, as secretary and treasurer of, and agent for, Mississippi Road Supply Company, but not as trustee, made affidavit to obtain the issuance of a writ of replevin for the seizure of the tractor. He alleged that Alton and Luther Frierson were wrongfully detaining possession of the property, and that the corporation was entitled to the immediate possession of the same. The writ was issued and served forthwith, and the tractor was taken into possession by the sheriff. No bond was forthcoming, and the tractor remained in the possession of the sheriff thereafter.

Mississippi Road Supply Company, on November 4, 1952, filed its declaration in the cause and attached copies of the two pertinent deeds of trust and the note which had been signed by the Friersons. It was alleged that Lyman L. Frierson, on March 22, 1951, sold the tractor to Alton and Luther Frierson; that default was made in the payment of the note; and that the whole amount thereof was due and unpaid. The demand was for a judgment against the defendants in the full amount of

the indebtedness, and that the tractor be sold and the proceeds therefrom be applied toward the satisfaction of the judgment.

Alton and Luther filed a plea of not guilty. Lyman was not made a defendant, and it does not appear from the record that he took any part in the suit.

Both defendants, called as adverse witnesses, admitted that they, along with Lyman, signed the note in question. Alton admitted that he paid $300.00 on it. Both of them testified that Lyman had been in possession of the tractor from the time of the purchase until its seizure by the sheriff. They denied that they had ever been in possession, or that they had purchased the tractor from Lyman.

J. M. Morse, an attorney representing the plaintiff, testified that, on March 22, 1951, the Friersons advised him that Lyman wished to sell the tractor to Alton and Luther, who were already obligated by the note, and procured him to draw a paper to carry out that purpose. He thereupon prepared a bill of sale which they signed before a notary public; and he offered in evidence an office copy of the unsigned paper. The defendants objected to this testimony on the ground that the attorney, in preparing the bill of sale, was their attorney, and that he should not be permitted to testify as to any matter growing out of that relation. The objection was overruled.

Appellants contend that (1) the title to the tractor, by reason of the deeds of trust, was in the trustee, and that the beneficiary had no right to bring a replevin action; and (2) there was no proof that they were in possession.

By the plea of not guilty, the defendants, under Section 2859, Code of 1942, put in issue the right of the plaintiff to the possession of the property. It in fact denied such right. Erwin v. Potts, 216 Miss. 593, 63 So. 2d 50; Wells v. Bullock, 192 Miss. 347, 5 So. 2d 686; Bell v. Smith, 155 Miss. 227, 124 So. 331.

The title was vested in C. C. Boadwee, trustee, and an action in replevin to recover possession of the tractor could be brought only by the trustee. Garrett v. Carlton, 65 Miss. 188; Pollard v. Thomas, 61 Miss. 150.

So, it was undenied that before, and at the time of seizure, the tractor was in the possession of Lyman, and that the appellants had never been in possession. Besides, their testimony that they did not own the tractor could not be ignored. The only evidence of their ownership, and thereby constructive possession, was the testimony of the attorney in respect to the preparation of the bill of sale. Although he was the attorney for the corporation in working out the business transaction between it and the Friersons, he was certainly the attorney of the Friersons in preparing the bill of sale for them. Consequently the relation was privileged, and the objection should have been sustained.

It follows that the action of replevin was not maintainable. Vaughn v. Huff, 99 Miss. 110, 54 So. 837; Hogan v. Commercial Credit Co., 150 Miss. 653, 116 So. 298; Ainsworth v. Smith, 157 Miss. 202, 127 So. 771.

Appellee contends, however, that, even if it had no right to bring the suit, and even if replevin was not maintainable, the declaration contained sufficient matter of substance for the court to proceed on the merits; it was susceptible of being taken as a suit upon the note, a copy of which was attached; the defendants signed and paid a part of it; appellee was justly entitled to a judgment against them for the balance of the debt; and judgment therefor was demanded.

Under Section 1464, Code of 1942, if the declaration "contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; and it shall not be an objection to maintaining any action that the form thereof should have been different."

By Section 1498, Code of 1942, it is also provided that "If the allegations of a pleading be so indefinite or uncertain that the precise nature of the complaint or defense be not apparent, * * * the court, on application of the opposite party, shall cause the same to be made definite and certain, or may strike the same from the files." Jones v. Millsaps, 71 Miss. 10, 14 So. 440; Hastings-Stout Co. v. J. L. Walker & Co., 162 Miss. 275, 139 So. 622; Aetna Insurance Co. v. Commander, 169 Miss. 847, 153 So. 877; and Bates v. McComb, 181 Miss. 336, 179 So. 737.

 The two demands of the declaration are compatible. The recovery of the debt and the enforcement of the lien by which it is secured, are not incompatible. If no debt exists, the lien perishes; but the defective manner of enforcing the lien does not extinguish the debt. If the precise nature of the complaint was not apparent to the appellants, they had a remedy to make it definite and certain, under Section 1498, supra. They did not invoke their remedy. Hence the personal judgment against them is valid.

However, since the replevin action was improperly brought and was not maintainable, that part of the judgment with reference to an execution against, and a sale of, the tractor, is invalid and of no effect.

It therefore follows that the personal judgment of the court below against the appellants ought to be, and is, affirmed; but that the judgment for the execution against, and sale of, the tractor, should be, and the same is, reversed, and the cause, in that particular, is dismissed.

Affirmed in part, and in part reversed and dismissed.

*Roberds, P. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.