STRIDER *v.* CALVERT FIRE INSURANCE COMPANY

No. 39936 February 13, 1956 85 So. 2d 183

774

*Breland & Whitten,* Sumner, for appellant.

*Stone & Stone,* Coffeeville, for appellee.

LEE, J.

Calvert Fire Insurance Company, by its attorney and agent, filed an affidavit for, and obtained the issuance of, a writ of replevin for the seizure of a certain automobile, as therein described. In due time, it filed its declaration in the circuit court, alleging that it was the owner and entitled to the immediate possession of the automobile which was in the hands of H. C. Strider, and that he unlawfully detained the same and refused to turn it over to the owner.

Strider filed a plea of not guilty. In addition he filed a counterclaim in which he alleged that, when he came into office as sheriff, in the list of unfinished business of the office was the location of this automobile, which had been stolen from S. O. Dodd, and the apprehension of the thief; that Dodd had requested the recovery of the automobile and its delivery to him; that defendant located the automobile in Texas and sent two of his deputies to return it to Mississippi to the owner; that it cost $138.90 so to do; and that he had not been paid for such service. Consequently he asserted a claim thereof, together with an attorney's fee of $100 and interest.

The plaintiff answered the counterclaim and denied that it was responsible, or that the plaintiff had made any agreement, express or implied, for the expenditure of the money which was claimed.

W. I. Stone, attorney for the plaintiff, took the witness stand and offered to introduce a bill of sale, dated January 30, 1952, which purported to have been signed by S. O. Dodd and witnessed by L. E. Wilson, and which,

for a consideration of $1625, sold and conveyed the automobile in question to Calvert Fire Insurance Company. The defendant objected to the introduction on the ground that the paper was not properly identified. The witness admitted that he did not know anything about the matters written therein, except such information as he had obtained as counsel. Profert of the instrument had not been made as an exhibit to the declaration. Neither Dodd nor Wilson testified. The objection was overruled. This constituted all of the evidence. The court thereupon sustained the plaintiff's request for a peremptory instruction. From the judgment entered, Strider appealed.

■■ A defendant's proper plea in replevin is not guilty. Section 2859, Code of 1942. This plea puts in issue the right of the plaintiff to possession of the property. It, in fact, denies such right. Erwin v. Potts, 216 Miss. 593, 63 So. 2d 50; Wells v. Bullock, 192 Miss. 347, 5 So. 2d 686; Bell v. Smith, 155 Miss. 227, 124 So. 331; Frierson v. Miss. Rd. Sup. Co. (Miss.) 75 So. 2d 70.

■■ Since the witness had no personal knowledge of the subject matter, he could not testify to the genuineness of the signature of Dodd thereon, or even of the instrument itself. "At common law, as a preliminary to the introduction in evidence of private writings other than documents coming within the rule admitting 'ancient documents,' so-called, without proof other than that they come from proper custody, their execution must be proved and their authenticity established. A writing standing alone does not of itself constitute evidence; it must be accompanied by competent proof of some sort from which the jury can infer that it is authentic and that it was executed or written by the party by whom it purports to be, unless such facts are admitted by the adversary." 20 Am. Jur., Evidence, Sec. 922, pp. 776-7. See also 32 C.J.S., Evidence, Sec. 625, pp. 476-7, as follows: "In order that a document may be admitted in evidence it is essential that a proper foundation be laid.

Generally there should be preliminary proof of the genuineness, authenticity or identity of the document, proof of its execution, and of the verity or correctness of the document, unless such proof is waived, or by rule of law, statutory provision, or admission of the parties such facts are deemed established as to render preliminary proof unnecessary.'' See also Smith v. Natchez Steamboat Company, 1 Howard (2 Miss.), 479; Fairly v. Fairly, 38 Miss. 280; Memphis Grocery Co. v. Valley Land Co., Ltd., 17 So. 232.

 It was error to admit the bill of sale, under the circumstances. Since there was no other evidence, and the peremptory instruction was based on improper evidence, the judgment of the trial court must be reversed and the cause must be remanded.

Reversed and remanded.

*McGehee*, C.J., and *Hall, Holmes* and *Ethridge*, JJ., concur.