BUCKLEY *v.* GUILBERT, d.b.a. McLAURIN MOTOR COMPANY

No. 43101          June 1, 1964          164 So. 2d 743

*Robert E. Husband,* Laurel; *Travis Buckley,* Bay Springs, for appellant.

*John D. Kervin,* Collins, for appellee.

ETHRIDGE, J.

This is a suit by a guarantor against his principal for reimbursement of the amount which the guarantor was required to pay. In October 1959, appellee Guilbert sold a 1960 automobile to Charles P. Buckley, brother of appellant Travis Buckley. It was a conditional sale contract, with title retained in the vendor. With the buyer's knowledge, and as a part of the contract, Guilbert assigned it to General Motors Acceptance Corporation (GMAC), with recourse, expressly guaranteed payment of the full amount remaining unpaid, and covenanted "if default be made in payment of any installment therein, to pay the full amount then unpaid to GMAC upon demand. . ."

In August 1960, Charles Buckley assigned his equity in the car to Travis Buckley. In the "transfer of equity" agreement, Travis agreed to assume all obligations under the conditional sale contract to GMAC. The instrument was executed by Charles and Travis Buckley, GMAC, and at the end of it was an "approval of dealer," executed by Guilbert, by which it was stated that the transfer of the equity was satisfactory to him, "as guarantor of the above mentioned instrument, and we consent to and recommend same." About two months later payments became delinquent, GMAC repossessed the car, and called on Guilbert to pay the balance due. Guilbert paid GMAC.

This suit was brought by Guilbert in the Circuit Court of Covington County against Travis and Charles Buckley. It alleged these facts, the present balance due, and that Guilbert had to pay that amount to GMAC under his guaranty. After defendants' motion for a change of venue was overruled, plaintiff took a nonsuit as to Charles Buckley, and the cause proceeded to trial against Travis. The jury returned a verdict for plaintiff in the amount of $1,037.80.

On the motion for change of venue, it was a question of fact for the circuit court as to whether appellant was a resident of Covington or Jasper Counties. Certainly we cannot say the trial court was manifestly wrong in overruling the motion. Sec. 1433, Miss. Code 1942, Rec.

Appellant contends that appellee could not sue in his own name upon the conditional sale contract, since the evidence does not show an assignment of the contract by GMAC to Guilbert. Guilbert had possession of the contract, and it was introduced in evidence. However, we do not reach the question of whether in a replevin action a written assignment back to the original assignor is necessary for recovery by him of possession of the car. See Erwin v. Potts, 216 Miss. 593, 63 So.

2d 50 (1953). In the instant case, Guilbert sued as a guarantor under an express contract of guaranty for reimbursement by the principal of the amount he was required to pay under his guaranty. Appellant knew, or should have known, of the existence of the guaranty. In such event, the following rule stated in 38 C.J.S., Guaranty, Sec. 111, applies:

■■ "Where a guarantor, who has entered into a contract of guaranty at the request of, or with the consent of, the principal obligor, pays or is compelled to pay his principal's debt, the law raises an implied promise, unless there is an express one, on the part of the principal to reimburse the guarantor, and on the payment of the debt the guarantor at once has a right of action against the principal for reimbursement of the amount which he has paid, with interest thereon at the legal rate." To the same effect is 24 Am. Jur., Guaranty, Sec. 125.

Affirmed.

*Kyle, P. J., and Gillespie, Brady and Patterson, JJ.,* concur.