ETHRIDGE, Chief Justice:
This case originated as a replevin action in the Circuit Court of Washington County, brought by White Motor Credit Corporation (called White), appellee, against John W. Boyd, Jr., appellant, for the possession of a large butane-powered, Minneapolis-Moline Model G-1000 farm tractor. Associates Discount Corporation (called Associates) filed a third-party claim, but that claim has not as yet been litigated and Associates is not a party to this appeal. The jury found for plaintiff, White, and this appeal was taken by Boyd from a judgment based on that verdict.
The controversy involves the Uniform Trust Receipts Act. Miss.Code 1942 Ann. §§ 5080-01 to -23 (1956). Minneapolis-Moline, Incorporated, a subsidiary of White, manufactured the tractor. Bueker Tractor Company, a partnership composed of Tom Bueker and C. K. Castleberry at the time of the sale and later incorporated, was the dealer (designated the trustee under the Trust Receipts Act). On April 19, 1965, the dealer, the manufacturer, and White (the entruster under the Act), executed four documents which brought the transaction under the Uniform Trust Receipts Act: A trust receipt financing agreement by the dealer and the entruster, accepted by the manufacturer; a trust receipt financing statement, executed by the entruster and filed for record in the Chancery Clerk’s office of Washington County; a power of attorney authorizing such of manufacturer’s employees as it might designate to sign the dealer’s name to trust receipts on equipment shipped to the dealer under the financing plan; and a dealer contract between the manufacturer and the dealer.
Bueker Tractor Company, through Cas-tleberry, ordered the tractor that is the subject matter of this suit at a net invoice price of $6,974.66, plus $249.00 advance charges and excise tax. The tractor was received in December 1966 and exhibited for sale. Under the trust receipt financing agreement title passed to White, and was to remain in it as security until the dealer paid the full price on the tractor. White was given the right of immediate possession in the event of default and other enumerated conditions.
On January 24, 1966, the dealer, Bueker Tractor Company, sold the tractor to Boyd by conditional sale contract, for a total cash price of $10,100, plus two other items, which made the sale aggregate $13,450. The first payment was due December 10, 1966. The contract overstated the retail price of the equipment by $1,500, and showed a trade-in allowance of $3,000, plus a cash payment of $1,550, neither of which was actually made. Castleberry, who handled the sale, admitted the falsity of these recited transactions.
*759 The conditional sale contract consisted of four copies. It was sold to Associates, and the original and a copy were received hy it in the ordinary course of business on January 25, 1966. The contract appeared to be complete and regular on its face, so Associates set a check in the amount of $8,940.-71 to Bueker Tractor Company in payment of it. It was promptly recorded and Associates had no notice of any claim of White to the tractor financed on this contract until after October 1, 1966.
Under the Trust Receipts Act, the en-truster’s right to possession of articles covered by trust receipt does not extend to purchasers from the trustee (dealer) in the ordinary course of trade who act in good faith. Miss.Code 1942 Ann. §§ 5080-09,-19 (1956). However, regardless of whether Boyd was a purchaser in the ordinary course of trade, we hold that White cannot prevail in replevin because the evidence establishes that title to the tractor is vested in Associates under the Uniform Trust Receipts Act.
In order to maintain a replevin action, the plaintiff must at the time of institution of the suit be entitled to the possession of the property claimed. Plaintiff must recover on the strength of his own right of possession, and not on the weakness of that of his adversary. Hence,-unless a plaintiff in replevin shows such title or right to possession, the defendant, even though without title or right of possession, cannot be compelled to deliver the property. Miss.Code 1942 Ann. § 2841 (1956); Erwin v. Potts, 216 Miss. 593, 63 So.2d 50 (1953); Tatum v. Sciscoe, 189 Miss. 803, 199 So. 70 (1940); Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878 (1931); 46 Am.Jur. Replevin § 25 (1943).
Moreover, since the plaintiff .in re-plevin must be entitled to the immediate possession of the property at the time of the suit, it is generally held that title and the right of possession in a Jhird person are a good defense to an action of replevin. Erwin v. Potts, 216 Miss. 593, 63 So.2d 50 (1953); 46 Am.Jur., Replevin § 61 (1943) ; 77 C.J.S. Replevin § 80 (1952).
A third person, not a party to an action of replevin, may intervene to assert his claim. Miss.Code 1942 Ann. § 2864 (1956). After the trial of the action in replevin between the original parties, an issue is made between the successful party in replevin and the claimant as to the validity of his claim. Miss.Code 1942 Ann. § 2865 (1956); Oates v. Sumrall, 183 Miss. 56, 183 So. 693 (1938). Associates filed a claimant’s affidavit on the first day of trial, and before judgment the court allowed Associates additional time within which to interplead its claim, which has not been adjudicated by the circuit court.
In the instant case, the conditional sale contract between the dealer and the purchaser (Boyd) was complete and regular on its face. It was received by Associates in the ordinary course of business, and Associates issued its check to the dealer in full payment for it. Associates had no notice of any claim by the entruster (White) to the tractor.
Section 5080-09(1) (a), Mississippi Code 1942 Annotated (1956) (the Uniform Trust Receipts Act) provides:
Nothing in this act shall limit the rights or [of] purchasers in good faith and for value from the trustee of negotiable instruments or negotiable documents, and purchasers taking from the trustee for value, in good faith, and by transfer in the customary manner instruments in such form as are by common practice purchased and sold as if negotiable, shall hold such instruments free of the entruster’s interest; and filing under this act shall not be deemed to constitute notice of the entruster’s interest to purchasers in good faith and for value of such documents or instruments * * *.
In short, the evidence reflects that Associates purchased the conditional sale contract from the trustee-dealer in good *760 faith and for value, and in the customary manner of purchasing such instruments. Associates thereby became vested with title to the tractor, under the statute, and White’s claim was terminated.
Commercial Credit Corporation v. General Contract Corporation, 223 Miss. 774, 79 So.2d 257 (1955), involved a replevin action by the entruster to recover possession of an automobile sold by the trustee to another. Judgment was rendered for the buyer who, it was said, purchased in the ordinary course of trade. The Court described the basic policy considerations behind the statute:
These trust receipt laws are, and should be, construed strongly against those retaining titles under them. The entruster places the goods in the hands of the trustee for the very purpose of sale. The goods are in the possession of the trustee; are displayed and held out to the public for the specific purpose of sale. * * *
“The Act proceeds on the theory that the entruster in such case is entitled to protection only against honest insolvency of the trustee. Dishonest action of the trustee is a credit risk, and bona fide purchasers are to be protected against the entruster who has taken that risk by entrusting. (Section 9(2) (b), * * * puts one limitation on this, if filing has occurred, as against purchasers who do not buy ‘in the ordinary course of trade.’)” This controversy was caused alone by failure of Lacy, General’s trustee, to pay for the car. (Id. at 785-786, 79 So.2d at 262).
An annotation in 168 A.L.R. 359, at 368-369 (1947), summarizes the general rule of estoppel with reference to innocent third parties who have relied on the apparent ownership of the trustee: •
[I]f the entruster (the party receiving the trust receipt) clothes the receiptor (the retail dealer) with the indicia of ownership, and thereby enables the latter to deal with innocent third parties who rely on the apparent ownership of the receiptor, the rights of such third parties, acquired for value and without notice, will prevail over the rights of the holder of the trust receipt. * * *
To the same effect is Green v. Bohuslav, 204 So.2d 870 (Miss.1967), and Tharp v. San Joaquin Valley Securities Company, 20 Cal.App.2d 20, 66 P.2d 230 (1937).
Under the facts reflected in this record, the legal title to this tractor is in Associates, a third party claimant, since it purchased the conditional sale contract in the regular course of business, in good faith and for value. The defendant thus showed that title and right of possession are in a third person, and this is a good defense to White’s replev-in suit.
However, White contends that the conditional sale contract docs not apply to and cover this particular tractor, because the contract contained an error in the serial number as to one digit of an eight-digit nu.mber. The contract purchased by Associates contained the following deescription of the tractor:
Year: 66
New or Used: N
Manufacturer: M-M
Description: G-1000 Lp 945
Model: 23143Ó
Serial Number: 30500277
Cash Sales Price: 10 100.00
The correct serial number was 30500777. White asserts that this description was void. The tractor involved in this litigation was the only tractor of this large model that the dealer had ever handled. It was the tractor actually delivered to the purchaser, and that which Associates intended to have as security for its investment of money. It was the one correctly described in all other respects in the conditional sale contract, and concerning which the contract was drawn.
The general rule is that a mistake in the serial number of an item of personal prop *761 erty will not vitiate the description, where there are other facts given in the description by which the property can be identified. 47 Am.Jur. Sales § 861, at 53 (1943); Annot., 65 A.L.R. 714, 719 (1930).
This Court adopted and applied the above rule in Furches Motor Company v. Anderson, 216 Miss. 40, 61 So.2d 674 (1952), where it was contended that a conditional sale contract for an automobile was void because of an error in reference to the model year and one digit of a ten-digit serial number. Citing the above authorities, the Court held that the contract contained sufficient facts other than the serial number which warranted the use of extrinsic evidence to identify the automobile. The same factors exist as to the description in the instant case. The cases cited by appellee in support of its contention that the contract was unenforceable because of a void description are distinguishable and not applicable to the present case. See National Foods, Inc. v. Friedrich, 173 Miss. 717, 163 So. 126 (1935); Garmon v. Fitzgerald, 168 Miss. 532, 151 So. 726 (1934); In Re Caver, Caver & Co., 42 F.2d 293 (S.D.Miss.1930).
In summary, we hold that in this replevin action the plaintiff failed to show title and right to possession of the tractor. The evidence reflects that under Code Section 5080-09 title and right to possession are in the third-party claimant, Associates, and thus the circuit court erred in rendering judgment on the jury verdict in favor of White. It should have granted Boyd’s requested peremptory instruction. For these reasons, the judgment of the circuit court is reversed, and the replevin suit by White is dismissed. The cause is remanded to the circuit court for an appropriate hearing on-the third-party claim of Associate Discount Corporation, and for rendition of a judgment concerning that claim consistent with this opinion.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.