ETHRIDGE, Chief Justice.
Hammond Ford Company, plaintiff-ap-pellee, brought this suit in the Circuit Court of Copiah County against appellant Carlos Walls, Jr., for a deficiency judgment for the balance remaining due on a conditional sale contract by which Hammond sold Walls an automobile. The jury returned a verdict for Walls, but the circuit court sustained plaintiff’s motion for a judgment notwithstanding the verdict, and entered a money judgment for plaintiff.
Walls purchased the car from Hammond, and on the same day Hammond assigned the retail installment contract to Ford Motor Credit Company (FMCC). It provided that if default should be made in payment of any installment, Hammond guaranteed payment of the full amount remaining unpaid. Upon default in two installments FMCC repossessed the car and returned it to Hammond, who sold it to a third party and sued for a deficiency judgment.
However, Hammond failed to show that the conditional sale contract upon which it sued has been reassigned to it in writing by FMCC. Plaintiff’s evidence reflects that it paid FMCC for the balance due under the contract, in accordance with its warranty. Hammond was entitled to have the contract reassigned to it, but until a reassignment is made, the right of action on the conditional sale contract remains vested in FMCC. Erwin v. Potts, 216 Miss. 593, 63 So.2d 50 (1953). This well-established rule of law should have required the circuit court to give a peremptory instruction in favor of the defendant Walls. Further, since the suit was not brought on the theory of a guarantor seeking reimbursement under an express contract of guaranty for the amount he was required to pay under his guaranty, that theory cannot be applied here. See Buckley v. Guilbert, 250 Miss. 240, 164 So. 2d 743 (1964). This disposition of the case will not preclude Hammond from obtaining a proper assignment of the conditional sale contract and then suing for a deficiency, *349 or from pursuing its remedy in chancery court as an equitable assignee. A judgment is res judicata only to the facts and legal rights of the parties as they existed at the time judgment was rendered. Accordingly, this judgment is not a bar to a later suit based on a reassignment of the conditional sale contract. Stevens v. McSwain, 240 Miss. 178, 126 So.2d 263 (1961); 50 C.J.S. Judgments § 633d, p. 66-68 (1947). The judgment is reversed, and judgment is rendered here for appellant dismissing the suit, without prejudice to Hammond’s rights under a proper assignment.
Reversed and judgment rendered here for appellant dismissing suit without prejudice.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.