GRIFFIS, J.,
for the Court.
¶ 1. The Estate of Lavern Walters appeals from the chancellor’s order denying replevin and money damages. We find no error and affirm.
FACTS
¶ 2. Until 1986, Lavern Walters owned and operated Analytical Chemical Laboratories, Inc. (“ACL”), a water conditioning business located in Jackson. In December of 1986, Walters sold the assets of ACL to Pat Freeman. The assets included all of the real and personal property used by ACL, including fixtures and equipment. The parties’ agreement was memorialized in an Asset Purchase Agreement, executed by ACL and Walters, as the sellers, and Freeman, the buyer.
¶ 3. The parties also executed a promissory note, which was secured by a deed of trust and a security agreement. The real property was described in the deed of trust. The personal property, which included all inventory, contract rights, accounts receivable, furniture, machinery, equipment, fixtures, and all property thereafter acquired of like nature, was described in the security agreement. The security agreement required notice in writ *1141 ing and consent by Walters for Freeman to remove the equipment to another location. The security agreement also provided that Freeman would be in default if he failed to perform any of his obligations.
¶ 4. In July 2000, Freeman defaulted on the promissory note. At that time, the balance owed was approximately $220,000.
¶ 5. Thereafter, Walters initiated a foreclosure pursuant to the deed of trust. The substituted trustee properly advertised the sale of the real property. The sale was held on July 21, 2000. At the sale, Walters tendered a purchase price of $232,606.99. The sale was memorialized in a substituted trustee’s deed, dated July 21, 2000, signed by Joel W. Howell, III, as the substituted trustee, which conveyed the property to Walters.
¶ 6. Thereafter, Walters and Freeman continued to negotiate so that Freeman could retain the business. On September 13, 2000, Walter E. Wood, the attorney for Freeman, provided the building key to Walters.
If 7. When Walters took possession of the premises, the personal property had been removed. Walters then commenced this replevin action to recover the personal property. Walters claimed that Freeman violated the security agreement by removing the personal property. He argued that the personal property was part of what he purchased at the foreclosure sale. The chancellor disagreed and ruled that Walters was not entitled to recover the personal property. The chancellor determined that Walter’s payment of $232,606.99 at the foreclosure sale- extin: guished the debt owed by Freeman and the trustee’s right to possession of the equipment, subject to the security agreement.
¶ 8. Walters is now deceased and his estate has been properly substituted as he is the party plaintiff. Walters’ estate timely filed this appeal and asserts that the chancellor erred as a matter of law in denying a judgment of replevin.
STANDARD OF REVIEW
¶ 9. A limited standard of review is employed by this Court in reviewing decisions of a chancellor. Reddell v. Red-dell, 696 So.2d 287, 288 (Miss.1997). The findings of a chancellor will not be disturbed on review unless the chancellor was manifestly wrong,' clearly erroneous, or applied the wrong legal standard. Bank of Mississippi v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992). The standard of review employed by this Court for review of a chancellor’s decision is abuse of discretion. Church of God Pentecostal, Inc. v. Freewill Pentecostal Church of God, Inc. 716 So.2d 200, 204 (Miss.1998).
ANALYSIS
¶ 10. The chancellor’s ruling clearly and concisely stated the factual and legal conclusions that support his. finding:
[Walters] and - [Freeman] agree that [Freeman] defaulted upon the loan in question and that [Walters] was entitled to declare the promissory note in default and repossess the business. However, [Walters] and [Freeman] disagree as to the effect of the foreclosure sale .upon the subject equipment. [Walters] argues that he believed the foreclosure sale price to include the equipment; [Freeman] asserts that the debt was extinguished by the foreclosure sale and the equipment is clear of any debt. This .Court has given much consideration to each agreement and is persuaded that the foreclosure sale acted to extinguish the debt and free the subject equipment. Almost fifteen years elapsed between the original sale of the business and the disputed foreclosure sale. Both parties *1142 agree that the balance remaining on the loan was approximately $220,000. When [Walters] declared the promissory note in default, it was the duty of the Trustee to repossess and sell the indebted property. Both parties agree that the Trustee had the right and the authority to repossess and sell the equipment which served as partial security for the promissory note. [Walters] alleges that he believed the equipment to be included in the foreclosure sale held by the Trustee. However, it is clear from the notice of foreclosure sale that the Substituted Trustee’s Deed that the sale was solely for the real property. Both' of these documents clearly describe the real estate parcel and subject building; notably, both of these documents also clearly fail to make even mention of the subject equipment. It is clear to this Court that the Trustee did in fact foreclose on the real property subject to the deed of trust. It is equally clear to this Court that the Trustee did not repossess or attempt to include in the foreclosure sale the equipment which also served as security for the promissory note.
At the foreclosure sale, the Trustee sold the real property and netted well in excess of the entire $220,000 balance of the promissory note. Further, the $232,606.99 bid was sufficient to cover the obligatory expenses of the foreclosure proceedings. Therefore, when Plaintiff paid $232,606.99 for the real property included in the foreclosure sale, he was completely made whole on the promissory note. As the foreclosure sale netted sufficient funds to satisfy the note and pay the expenses of the foreclosure proceedings, Defendant’s financial obligations regarding this transaction had been met. In fact, Defendant would be entitled to any surplus above the balance of the note and the costs of foreclosure. Therefore, at the foreclosure sale, the promissory note, with its two forms of security, was satisfied and the liens extinguished. See Merchants National Bank v. Stewart, 608 So.2d 1120 (Miss.1992).
Mississippi law is clear that once the debt secured by the deed of trust has been paid, it is extinguished and the trustee’s right to possession of the security is extinguished as well. Munn v. Potter, 111 Miss. 180, 71 So. 315, 316 (1916). See also Merchants National Bank v. Stewart, 608 So.2d 1120 (Miss.1992); Frierson v. Mississippi Road Supply Company, 221 Miss. 804, 75 So.2d 70 (1954); Bates v. Snider, 59 Miss. 497 (Miss.1882). In the case sub judice, Plaintiffs payment of $232,606.99 at the foreclosure sale, paid in full the debt secured by the deed of trust. Therefore, the foreclosure sale extinguished both the debt and the trustee’s right to possession of the security. In fact, if this Court were persuaded to allow Plaintiff the writ of replevin, it would be in a constructive trust to sell the equipment and return the surplus funds to Defendant. Plaintiff was only entitled to the amount owed on the land and the costs of foreclosure; any surplus would be due to the Defendant. Merchants National Bank v. Stewart, 608 So.2d 1120 (Miss.1992). Therefore, this Court finds that Plaintiff retains no interest in the subject equipment and Plaintiffs Complaint in Replevin and for Money Damages is without merit.
¶ 11. Walters asserts that the chancellor erred because “[t]he parties intended the provisions allowing Walters to retake all property upon Freeman’s breach to survive termination of the sale agreement in order for Walters to re-sell the property as an on-going concern.” He claims that “contract construction principles look to the four corners of the con *1143 tract to determine the parties’ intent. In that regard, ... the trial court erred as a matter of law in its interpretation of the operation instruments and wrongly denied the replevin sought.”
¶ 12. Walters is partially correct in his argument. The asset purchase agreement, the promissory note, the deed of trust and the security agreement were structured so that Walters could have foreclosed on both the real and personal property. However, the chancellor correctly recognized that Walters did not foreclose on all of the property available. Instead, the substituted trustee foreclosed only on the real property, subject to the deed of trust. The proceeds received from the sale of the real property were sufficient to pay off the entire debt owed. In fact, the proceeds from the sale brought a surplus over the debt.
¶ 13. There is no evidence in the record that Walters gave notice of his intent to assert his rights to the personal property under the security agreement. The record, however, does support the chancellor’s finding that the foreclosure of the real property provided for proceeds in excess of the amount due. Therefore, the chancellor correctly determined that the debt owed by Freeman to Walters was satisfied in full by the foreclosure of the real property, pursuant to the deed of trust. As the supreme court held, in Frierson v. Mississippi Road Supply Co., 221 Miss. 804, 75 So.2d 70 (1954), “[i]f no debt exists, then the lien perishes.” Furthermore, in Bates v. Snider, 59 Miss. 497 (1882), the court held that when a trustee filed a replevin action upon a debt that had been satisfied, “[i]f a restoration of property withheld from the trustee, or payment of its value or an amount equal to what he is entitled to realize from it, is adjudged to him, he has no cause for complaint.”
¶ 14. Here, Walters chose to initiate foreclosure proceedings only against the real property. The foreclosure of the real property satisfied the debt due under the promissory note. Once the debt was paid in full, the security agreement terminated. Walters could have easily accomplished what he argues here had he simply initiated proceedings under both the deed of trust and the security agreement. He did not.
¶ 15. Accordingly, we find no error in the chancellor’s decision denying the complaint for replevin and monetary damages. We affirm.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. LEE, P.J., NOT PARTICIPATING.