### CHRIS. HAUSER v. S. D. ROBBINS.

1. LANDLORD AND TENANT. *Distress for rent. Return of the writ.*
   Section 1312 of the Code of 1880, providing for the return of the replevin bond with the writ of distress to the *circuit court* where the value of the property seized exceeds one hundred and fifty dollars, means the *circuit court* sitting in the county in which the justice issuing the writ resides.

2. SAME. *Attachment for rent. Alias writs to different counties. Where triable.*
   It was not contemplated that the alias writs to other counties provided for by the act of 1882, page 144, should each be returned to different counties. The whole proceedings constituted but one suit, and that is triable in the county in which the proceedings are instituted.

3. SAME. *Replevin of the property. Pleading.*
   In an action of replevin by the tenant to recover property attached for rent, a plea which sets up as an answer to the avowry that the landlord did not have lawful cause to sue out the writ, presents an issue which the tenant has a right to propound, and its decision in his favor would entitle him to a return of the property and to recover damages on the bond of the landlord. *Kyzer* v. *Middleton, ante.*

APPEAL from the Circuit Court of Warren County.

HON. WARREN COWAN, Judge.

In December, 1882, the appellant rented a plantation in Sharkey County from the appellee. The lease was to expire on the 31st of December, 1883, commencing the 1st of January, 1883. In consideration of the lease of the land and the hire of two mules the appellant executed two promissory notes, one for five hundred dollars, due the 15th day of November, 1883, and the other for five hundred and eighty-five dollars, due the 20th day of December, 1883. The appellee was to pay for certain improvements to be made on the plantation and to furnish materials for constructing certain houses and fences. The appellant made certain improvements on the premises and drew a draft on the appellee to

pay for the same. The appellee refused to pay the draft. When the first note fell due it was paid by the appellant, but before the second note fell due the appellee sued out an attachment for rent against the appellant in Warren County and had it levied on three bales of cotton in Vicksburg, and had an alias writ issued to Sharkey County, which was levied by the sheriff on twenty-three hundred pounds of seed cotton. Both writs were made returnable to the Circuit Court of Warren County, the appellant giving bond for the cotton levied on in Sharkey County, which bond was returned with the writ. The appellant made a motion in the court below to have the bond and the writ transferred to Sharkey County. This motion the court overruled and the appellant excepted. Appellant then filed a declaration in replevin for the cotton. To this declaration the appellee pleaded an avowry, and justified the taking of the cotton upon the ground that he " had just cause to suspect and did verily believe that the plaintiff would remove his effects from said leased premises before the said sum   *   *   for rent should become due, so that no distress therefor could be made. A large part of said effects on said premises said defendant avows were agricultural products raised on said premises during said term." To this avowry and justification the plaintiff filed two pleas, the first being as follows: " And for plea to said avowry says, that the said attachment was not lawfully sued out according to the statute in such case made and provided ; for he says the said defendant did not have cause to suppose that he, the said plaintiff, would remove his effects from the said leased premises before the said claims for rent and supplies would become due, so that no sufficient distress could be made therefor, and, on the contrary, avers there was ample property on said premises to satisfy said account and supplies, and this he prays may be inquired of by the county, wherefore he prays judgment that said avowry be quashed." The second plea set up certain claims of the plaintiff by way of recoupment. The first plea was on motion of the defendant stricken out, and to this action of the court the appellant excepted. The two exceptions taken by the appellant above mentioned are the points passed upon in this court.

*J. M. Gibson*, for the appellant.

1. The statute providing for the bonding of cotton levied on or distrained for rent makes the proceeding one of replevin. The party bonding must file declaration in replevin as in other cases of replevin. Hence the court having jurisdiction of the cause was in Sharkey County ; and the bond should have been transmitted to Sharkey and the case proceeded with there, as there was the location of the property replevied. Revised Code 1880, §§ 2613, 2620, 1312, 1313, 1314, and 1320. The case of *Horner* v. *Page*, 60 Miss., does not apply to this cause, as the property was levied on in Sharkey County, the place of the contract, and on the premises leased.

2. When the court struck out plaintiff's first plea, all question as to whether the attachment was rightfully sued out or not was eliminated from the jury and the plaintiff was debarred from contesting the grounds of the attachment and maintaining damages therefor. See Code 1880, §§ 1304 and 1315. *Stumps* v. *Gilman & Co.*, 43 Miss. 456 ; *Briscoe* v. *McElween*, 43 Miss. 556. At the last term of this court, your Honors held in *Kyser* v. *Middleton* that a suit on a bond of the landlord attaching for rent, for damages, did not lie, but that the remedy of tenant was by contesting by replevin the grounds of attachment, which we think conclusive on this point, otherwise great injustice could at any time be done. And at any time, no matter how long before the rent became due, the landord could attach and merely show the rent would become due some time thereafter, no matter how long, and by this maintain his distress. Such the law makers never intended, and such is not the meaning of the statute in landlord and tenant act. For it is clear they intended the tenant to maintain damages where an unlawful taking is shown to exist.

*W. L. Magruder*, for the appellee.

The first assignment of error is that the case was triable in Sharkey County. There is nothing in this. Robbins, the landlord, sued out and levied an attachment for rent against Hauser on three bales of cotton found in Warren County, and under act 1882 caused a duplicate writ to issue to Sharkey County. It was

not contemplated that there should be a suit in as many counties as to which duplicate writs might issue, all involving the same matters of controversy. It was the duty of the sheriff of Sharkey County and the sheriff of Warren County each to return their writs upon receiving the replevin bonds to the Circuit Court of Warren County, in which jurisdiction the original writ was issued. Acts 1882, p. 144. The only question of any consequence in this case is upon the action of the court in striking out plaintiff's (appellant's) first plea to defendant's avowry. The avowry alleged that the tenant was about to remove *agricultural products grown upon the leased premises. The same allegation* is contained in the affidavit for the attachment. Now there are two fatal objections to the issue tendered by plaintiff's first plea. The first is that it tenders an immaterial issue, to wit : " That the said defendant (Robbins) did *not have just cause to suspect* that plaintiff would remove, etc." Even if it were admissible to plead in abatement of the writ a traverse of the affidavit upon this ground, yet it is plain that such issue is not whether the landlord " *had cause to suspect and believe,* etc.," but whether the tenant in fact *did or not intend* to remove his goods, etc. In other words, the tenant should have pleaded, " That he did not intend to remove." * * * This proposition is perfectly clear. For the landlord may have been ever so ignorant of the true facts, and as to him, indeed, he may not have had cause to suspect, and, in fact, may not have believed the tenant would have removed his goods, etc. Yet upon the trial of such an issue properly joined his attachment must be sustained, if he could prove that the defendant *did intend* to remove his goods, and the tenant could not defeat such attachment by showing that although he did intend to remove the goods, nevertheless the landlord knew nothing about it and had no cause to suspect and believe, etc. This of itself disposes of the question in favor of the appellee upon this point. But the plea goes further, and tenders in the issue presented : " That the defendant did not have cause to suspect, etc., would remove, etc., before said claim for rent would become due, *so that no sufficient distress for rent could be made therefor ;* and, *on the contrary, says there was ample*

*property on the premises to satisfy said rent."*   From this it will be observed that the plea presents the question, first, as to whether plaintiff *had cause to suspect* a removal, etc., and, second, such a removal as no sufficient property would be left upon the leased premises. In other words, the attachment for rent in this case could be defeated under this plea by showing that the defendant had no cause to *suspect the removal,* though such might have been plaintiff's intention, or by showing that though plaintiff intended a removal yet a sufficient amount of property would be left upon the premises.   Leaving entirely out of view the fact that the property levied upon as shown by the pleadings was that upon which the defendant had a lien, and *none* of which plaintiff had a right to remove until the rent was paid, the above plea would be bad as applicable to such "goods and chattels" named in the statute upon which no lien rested, first, because it put in issue the *belief* or *suspicion* of the party making the affidavit and not the truth of the matters alleged in the affidavit.   5 Mo. 438.   The plaintiff's pleas to the merits was a waiver of the abatement.   46 Miss. 570 ; 55 Miss. 101.

COOPER, J., delivered the opinion of the court.

The court rightly refused to direct a transfer of the cause from the Circuit Court of Warren County to that of Sharkey County. Section 1312 of the Code of 1880 provides for a return by the officer executing a writ of distress of the replevin bond if given by the tenant to the justice of the peace by whom the writ was issued.   If either the amount of the rent demanded or the value of the property seized exceeds one hundred and fifty dollars, then the bond is to be returned to the circuit court.   The circuit court meant is evidently that sitting in the county in which the writ was issued by the justice.

The laws of 1882, page 144, give to the officer issuing the writ of attachment power to issue alias writs to other counties, but it was never contemplated that the various writs which might be issued should each be returned to a different court.   The whole proceedings constitute but one suit and that is triable in the county in which the proceedings are instituted.

The court erred in striking from the files the plea of the plaintiff traversing the ground for suing out the attachment. The matter therein set up was an answer (or intended to be) to the avowry of the defendant, and it was stricken out not because of defect in form but because it presented an issue which the court was of opinion could not be made in the case.

The issue presented was that the landlord had not lawful cause to sue out the writ, and this issue the tenant had the right to propound and try. It was in bar of the avowry, and its decision in favor of the tenant would have entitled him to retain the property replevied and to recover damages on the bond executed by the landlord. *Kyser* v. *Middleton, ante.*

*Judgment reversed.*