BARLOW ET AL. *v*. SERIO.

[93 South. 356.   No. 22530.]

REPLEVIN. *Error to enter judgment by default in replevin without disposing of avowry filed.*

Where a tenant files a replevin under section 2856, Code 1906 (section 2354, Hemingway's Code), and the landlord files his avowry justify-

ing the seizure on the ground that rent is due, etc., it is improper to take a judgment by default without disposing of the avowry in some way known to the law.  It cannot be upheld on the ground · that the affidavit for distress was irregular or insufficient.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Replevin to secure property seized by distress warrant by Sam Serio against W. H. Barlow and others, in which action defendants filed an avowry. From a judgment by default in favor of plaintiff, defendants appeal. Reversed and remanded.

See, also, 91 So. 573.

*Shands, Elmore & Causey,* for appellants.

The first assignment of error is that this judgment· was not warranted by the state of the pleadings. As a matter of fact, from the standpoint of pleadings, the defendants were not in default. The plaintiff was in default, for the reason that the plaintiff had not joined issue on the avowry of the defendants. Plaintiff had no sort of reply to the avowry of the defendants: If any judgment at all was to be entered at this state of proceedings, the plaintiff being in court, and having failed to make reply of any sort to the avowry, the judgment should have been in favor of the defendants, because their avowry having stated a complete defense to the declaration, and being uncontradicted in every respect, the fact therein stated would be taken as conclusively true, and, if true, the defendants were entitled to the judgment of the court on the record.

In addition to what is said above, the avowry of the defendants was a plea which constituted a full answer to the declaration. This plea was not disposed of. Under such circumstances, it was undoubted error to render a judgment by default against the defendants. It was, at least, up to the plaintiff to make proof as to his right to the cotton. It has long been a rule of this court that a judg-

ment by default rendered when there is a plea undisposed of which is a full answer to the declaration will be reversed. *Hambrick* v. *Dent,* 70 Miss. 59; *Bartagnolli Bros. et al.* v. *Bertagnolli,* 148 Pac. 374.

The next assignment of error is that the court erred in rendering judgment that the plaintiff, Sam Serio, do have and recovered of and from the defendants the fourteen bales of cotton which was delivered to him upon execution of the bond. This appeared in the record of the proceedings.

If Sam Serio had been entitled to have judgment rendered in his favor, though he made no controversy to the facts alleged in the avowry of the defendants, still the judgment, of the court should not have been that he have and recovered of and from the defendants the very fourteen bales of cotton which had been already delivered to him, but the judgment of the court should have been that the plaintiff retain the cotton as shown by section 2865 of the Code.

The record, as made up by the clerk, shows that no evidence was taken on this hearing. The clerk certifies that no evidence was taken. The stenographer, in his certificate, shows that he took no notes of any evidence    Therefore, the question arises out of the pleadings alone, and on the pleadings alone the judgment is not lawful, but said pleadings justify and demand the reversal, which we respectfully ask.

*Clayton D. Potter,* for appellee.

This was an attempted proceeding by the appellants, under section 2848 of the Code of 1906, to attach agricultural products for rent not due at the time of the service of the writ of attachment. Section 2848 of the Code of 1906. The above remedy was an extraordinary one—one highly favorable to the landlord, purely statutory, and in the enforcement of rights claimed under this statute the courts require strict conformity to the requirements of the statute.

In this case no jurisdiction whatever over the subject-matter of this suit was ever acquired by the attaching creditor. The very first step taken in the case was a false step, for the original affidavit found on page 2 of the record is so defective that the court did not acquire jurisdiction in the first place. It will be noted that this is an action for rent when claim is not due. Section 2848, Code of 1906, above set out requires in a proceeding under that section that a landlord or lessor shall have just cause to suspect and verily believes that his tenant will remove his agricultural products on which there is a lien, or any part thereof, from the leased premises to any other place before the expiration of his term, or before the rent or claim for supplies will fall due, or that he will remove his other effects so that distress cannot be made, etc.

The affidavit of the attaching creditors in this case utterly fails to aver under oath that they have just cause to suspect or that they verily believe that the tenant will remove his agricultural products on which there is a lien, or any part thereof, from the leased premises to any other place before the expiration of the term, or before the rent or claim for supplies will fall due, or that he will remove his other effects so that distress cannot be made.

We, therefore, contend that the affidavit upon which the original proceeding is founded is so defective as to fail to confer any jurisdiction on the court over the subject-matter of the controversy. *Dudley* v. *Harvey,* 59 Miss. 34. The above case is on exactly all fours with the case at bar.

The judgment in this case against the appellants and in favor of the appellee is correct because the record shows affirmatively that the court had no jurisdiction whatever in the matter. The very first essential step was not taken, to-wit: The affidavit by the attaching landlord to the effect that he has reason to believe, etc., that the farm products will be removed, etc. This as held by Judge CAMPBELL in the case of *Dudley* v. *Harvey, supra,* was jurisdictional and the court not having acquired jurisdiction over

the subject-matter of this suit could not have rendered any judgment other than a judgment for plaintiff.

Avowry filed out of time. We concede the rule of law laid down in the appellant's brief that where a good and sufficient plea is properly on file that a judgment by default cannot be taken, but in this case there are two answers to the proposition that the avowry was on file at the time judgment was rendered for the plaintiff. The first answer is that already set out, and that is, that the judgment was necessarily rendered in the plaintiff's favor because the affidavit upon which the attaching creditor proceeded was not a sufficient foundation to commence this action under the statute, for the affidavit did not allege the statutory facts, to-wit; that the tenant was about to remove the farm products, etc., or that he had reasonable ground to believe, etc., that plaintiff was about to remove such products.

And then, too, there is another ground, and that is that the avowry filed by the appellant was filed after the day the defendant had to file his plea, and that having been filed after the day upon which the defendant could plead that he had no right to file his plea or avowry without first obtaining leave of court to do so, and not having obtained such leave the trial court at its discretion had the power and did disregard the avowry filed by the defendant.

The case of *Wright* v. *Alexander,* 11 Smedes & M. 411, is exactly in point. Under the law as it then existed the return term was known as the issue term, and pleadings could be filed at any time, but under the present law the case at bar was triable at the return term. *Houston* v. *Smith,* 2 S. & M. 597; *Davis* v. *Presler,* 5 Ib. 459; *Wilbor* v. *McGillicuddy,* 3 Miller, (L. R.) 382; Graham, N. T. 483; *Wright* v. *Alexander,* 11 S. & M. 411.

We respectfully submit that this case should be affirmed on the ground in the first place that the court never acquired jurisdiction over the subject-matter, and secondly, because the plea on file was filed after the day fixed by law for pleading at the term of court at which the case was

triable, and was filed without leave of court. Therefore, the court properly disregarded this plea.

ETHRIDGE, J., delivered the opinion of the court.

The appellants sued out a distress for rent against the appellee, alleging that they were landlords and entitled to a landlord's lien on certain described products grown upon the premises described in the affidavit. Bond was given, and a writ of distress was issued, commanding seizure of the products described in the affidavit and sale thereof. The amount of rent claimed was six hundred dollars, and the distress warrant was issued by a justice of the peace, and the property was seized under said warrant by the constable. Thereupon Serio filed a replevin in the circuit court, replevying the property so seized. Serio gave bond in the sum of twelve hundred dollars, payable to the appellant to perform such judgment as the court should render should he fail to maintain his suit. The appellants then filed their avowry, alleging that the seizure of said property was not wrongful, because the defendants were the plaintiff's landlords, and had leased to plaintiff certain property as a tenant, and that the tenant was indebted to the defendants as landlords, making a rent note an exhibit to the avowry; that the defendants had just cause to suspect and verily believe that plaintiff would remove his effects, or some parts of the agricultural products raised on the leased premises, before the expiration of the lease term, etc.

A motion was filed by the plaintiff to strike out the avowry: First, on the ground that it was frivolous and not filed with the intention of being prosecuted; second, that the attorney for the defendants does not represent the defendants, and said avowry was filed through error; but no action on this motion is shown by the record, and it is stated in briefs that it was not presented to the court to be acted upon. On a subsequent day of the court an order was taken, reciting that defendants, having been thrice

solemnly called, came not, but wholly made default; it is therefore ordered by the court that plaintiff in replevin do have and recover of and from defendants fourteen bales of cotton sued for, etc.   Subsequently the appellants filed notice with the stenographer, notifying him that appellants desired to appeal from said judgment, and that their information was that there was no evidence taken on the trial, but that, if evidence was taken on the trial, to please transcribe the same as required by law, and if there was no evidence taken on the trial of said cause, to please furnish them with certificate to that effect.   This notice was filed with the clerk and served on the stenographer, who certified that an examination of his notes showed there was no testimony taken in said cause.

It is assigned for error that the court erred in rendering the judgment by default when the pleadings by the defendants were on file, and no testimony was taken to establish the cause of plaintiff.   We think the judgment on its face shows there was no proof taken, which is also supported by the certificate of the stenographer to that effect.   It is contended by the appellee, however, that the original distress warrant was void, and that the court had no jurisdiction of the suit for that reason.   The facts are that the distress warrant was actually sued out, and under our statute as it now exists was amendable, if defective in any particular.   The appellee filed a suit to regain possession of his property so taken, and this replevin was the thing that gave jurisdiction to the circuit court.   This suit in replevin was in issue by the filing of the avowry, which required some proof to support the declaration until said plea was disposed of in some manner known to the law.   The record shows it was not disposed of, or at least failed to show that it was disposed of, and it was therefore error to take a judgment by default.   The judgment will therefore be reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*