NORWOOD v. STATE.*

(Division B. Sept. 29, 1924.)

[101 So. 366. No. 23971.]

CRIMINAL LAW. *Conviction on void statute reversed.*

When a statute has been declared unconstitutional, a conviction thereunder, though on a plea of guilty, will be reversed on appeal.

*Headnote 1. Criminal Law, 16 C. J., section 28.

APPEAL from circuit court of Simpson county.

HON. W. L. CRANFORD, Judge.

Guysell Norwood was convicted of wife desertion, and he appeals. Reversed, and appellant discharged.

*A. W. Dent,* for appellant.

I. Appellant was indicted under chapter 212, Laws 1920, for deserting his wife without just cause. The court was without authority to try appellant since the statute under which he was indicted is unconstitutional. *State* v. *Sansome,* 97 So. 753.

II. Courts should be liberal in granting trials to the end that all cases may be heard on their merits. *Morris* v. *City of Tupelo,* 129 Miss. 887; *Judon* v. *State,* 131 Miss. 560.

*E. C. Sharp,* Assistant Attorney-General, for the State.

In the case of *State v. Sansome,* 97 So. 753, this court passed upon the chapter under which the appellant was indicted. Under this holding of the court, since the entire chapter is unconstitutional, appellant should not be forced to pay the penalty imposed by the court even though he enter a plea of guilty.

We therefore submit the case without argument.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted under chapter 212, Laws 1920, for deserting his wife without just cause, and willfully and feloniously failing and refusing to provide for the support and maintenance of her, the said Madie Norwood, who was then and there and now is in necessitous circumstances.

The appellant was arrested in Madison county during the term of court at which he was convicted, and entered a peal of guilty. Thereafter a motion was filed to set aside the plea of guilty and permit him to stand his trial under said charge stating that he had a good defense, and did not desert his wife leaving her in destitute circumstances, and that his wife was not prosecuting the suit, and had not appeared against him; that he had no particular friends who would take any interest in him, and that he was an ignorant negro and did not know the law. The motion was overruled, and the sentence to the penitentiary remained in force, from which this appeal is prosecuted.

Without passing upon the sufficiency of the showing to withdraw the plea of guilty and the facts shown in the record, the judgment must be reversed because chapter 212, Laws 1920, was declared unconstitutional by this court in the case of *State* v. *Sansome,* 97 So. 753, and therefore the conviction cannot be upheld. The trial of this cause in the court below occurred prior to the decision holding the act unconstitutional. The judgment therefore is reversed, and the appellant discharged.

*Reversed, and appellant discharged.*