## JOHNSON *v.* SANDERS.[*]

(Division A.    Oct. 10, 1927.   Suggestion of Error Overruled Nov. 21, 1927.)

[114 So. 334.   No. 26479.]

1. REPLEVIN.   *Defendant in replevin held entitled to peremptory instruction on failure of evidence to show plaintiff's right to possession of mule claimed in affidavit.*

   Where evidence in replevin action, wherein it was alleged that a certain mule, the property of affiant, was wrongfully detained by defendant, failed to show that plaintiff was entitled to possession of any certain mule under alleged crop contract with defendant with agreement to furnish team, defendant was entitled to peremptory instruction, since plaintiff in such action must show right to immediate possession of specific property claimed.

2. REPLEVIN.   *Plaintiff in replevin must have right to immediate possession of property (Hemingway's Code 1927, section 3248).*

   Under Hemingway's Code 1927, section 3248 (Code 1906, section 4214), plaintiff in replevin action must have right to immediate possession of property sought to be taken.

3. REPLEVIN.   *Plaintiff has burden of showing right to possession of identical property in controversy.*

   In replevin, the plaintiff has burden of showing right to possession of identical property in controversy.

---

*Corpus Juris-Cyc. References: Replevin, 34Cyc, p. 1387, n. 54; p. 1501, n. 11; p. 1503, n. 19; p. 1520, n. 67 New. As to necessity for immediate possession of property claimed, as essential to right to sue, see 23 R. C. L. 866; 4 R. C. L. Supp. 1509; 6 R. C. L. Supp. 1378.

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Replevin by Owen Sanders against George E. Johnson. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Collins & Collins, F. B. Collins* and *B. F. Carter,* for appellant.

The peremptory instruction asked for by appellant should have been given. It is shown, even by the testimony of the plaintiff, appellee, that the value of the mule was only one hundred dollars and that it was the property of appellant and not the property of appellee, and also that the rental of a mule, during crop time was not over two dollars per day. We submit that if appellee had any interest in the mule at all, it was only a limited interest and no such interest was shown by the testimony with any degree of accuracy, even remotely, and no judgment could therefore be rendered for appellee as to such limited interest, unless such limited interest was shown with accuracy, something definite upon which the jury could base a verdict, and this certainly was not done in this case. *Bond* v. *Griffin,* 74 Miss. 599, 22 So. 187. See, also, *Jones* v. *Hicks,* 52 Miss. 682; *Bates* v. *Snyder,* 59 Miss. 497; 12 S. & M. 223; Hemingway's Code, section 3062.

The interest of appellee could not, under any circumstances, have been considered as more than a limited interest and we submit that this interest must be shown with accuracy and in this connection we cite the case of *Johnson* v. *Ferguson,* 110 So. 230, as showing such judgment as was rendered in the case at bar as absolutely erroneous.

*Currie & Currie* and *B. A. Boutwell,* for appellee.

As shown by the record, the appellant was in possession of the mule, and had been since April 18th. The crop was gone. The time to cultivate and make the crop had passed, as had the time in which appellee was entitled to its possession, for the purpose of making the crop, and the only recourse the plaintiff had was the recovery of damages for the wrongful taking, if the facts should warrant the jury in assessing damages. We submit that the facts amply warranted the jury's finding. *Burrage* v. *Melson,* 48 Miss. 237; *Taylor* v. *Morton,* 61 Miss. 24; *Whitfield* v. *Whitfield,* 40 Miss. 352.

The appellant was granted very liberal instructions in the court below. The issue as to actual and punitive damages could not have been more clearly stated in instructions to a jury than was done by the instructions requested by appellant and given by the court, and every conceivable defense to the action was invoked by the appellant, very liberal instructions on all these questions were requested and obtained by appellant, and with the most favorable submission of his case to the jury, a verdict was rendered against him, and we submit that there is no reversible error to be found.

The jury had the right to award the damages, both by statute and the cases cited herein. *Johnson* v. *Ferguson,* cited by appellant, is not in point. There the appellee had a limited interest in the property. In the instant case, the appellee had no interest whatever in the property. He had a right to possession during the period for making a crop, but that period had expired and he was not entitled to the property, the possession of the property or its value, but was entitled to recover his damages for the willful, fraudulent and oppressive deprivation of the same during the period he was entitled to the possession and use of the same.

*Collins & Collins, F. B. Collins* and *B. F. Carter,* in reply, for appellant.

Counsel for appellee say that appellee was not entitled to the possession of the mule, or its value, but was en-

titled to recover damages for the wilfull, fraudulent and oppressive deprivation of the same during the period he was entitled to the possession and use of the mule. In this way we say appellee clearly is in error. The interest of appellee, if any at all, was a possessory interest and this interest must be proved by evidence with exactness and accuracy in order that the jury might return an intelligent verdict.

Hemingway's Code, section 3062, clearly defines the law with reference to a verdict and judgment in a replevin suit. *Johnson* v. *Ferguson*, 110 So. 230, is absolutely in point.

McGOWEN, J., delivered the opinion of the court.

This is an action in replevin, originating in a justice of the peace court by Owen Sanders, who was a share cropper, against George E. Johnson, the landowner.

The affidavit filed in the justice of the peace court, among other things, alleged that a certain red mare mule about ten years old, weighing about one thousand one hundred pounds, value one hundred dollars, one horse wagon, value ten dollars, and one blind bridle, value one dollar and fifty cents, were the property of affiant and wrongfully detained by George Johnson.

A writ was issued and returned by the sheriff, with the statement that the defendant, the landowner, had given bond for the forthcoming of said property.

Notice of damages in the sum of twenty-five dollars was filed, and the case was tried in the justice of the peace court, and possession of the property above mentioned was awarded to the plaintiff, the share cropper, as well as twenty-five dollars damages.

The case was appealed to the circuit court, where a lengthy declaration in replevin was filed, and a claim made for damages amounting to the sum total of nine hundred forty-three dollars and thirty-three cents, including punitive damages.

We shall not undertake to set out all the testimony. Summarized, it shows that the plaintiff, Sanders, and the landowner, Johnson, made about the usual share cropper's agreement—that is, the agreement usually made in this state— and the only agreement in reference to the mule is necessarily embraced in the statement of plaintiff that defendant agreed to "furnish a double team," and plaintiff testified that the landowner did not furnish two mules, but did furnish a horse for one and one-half days, and a mule for several days. It appears that the share cropper had a mule in possession, spoken of in the record as "the mule," and that on a certain Sunday he went off in his Ford car for a visit, and upon his return found that "the mule" was in possession of Johnson, the landowner, and said share cropper was refused possession of said mule. This occurred about April 20, and the replevin suit was instituted about three days later.

The affidavit did not contain the statement that defendant had unlawfully taken possession of the aforesaid mule, within thirty days, and therefore assert the right to give bond for the mule. There is no evidence in this record that the landowner agreed to furnish any particular team, or any particularly described mule, or that the red mare mule which was the subject of replevin in this case was agreed to be furnished.

According to the testimony of plaintiff's wife, plaintiff himself did not spend but six and one-half days in labor on this crop, and, if we count that she also worked, still there will only be thirteen days' labor expended on this crop.

Defendant made defense on the ground that the share cropper had breached his contract by declining to perform the work, but we think it unnecessary to detail the alleged breach of contract further.

The jury returned a verdict of, "We, the jury, find for plaintiff, and assess his damages at two hundred fifty dollars." Whereupon the court entered a money judgment

against defendant and his sureties for two hundred fifty dollars. Defendant asked, and the court refused, a peremptory instruction. This was error.

There is no proof in this record that the share cropper, Sanders, was entitled to the possession of a certain red mare mule, weighing about one thousand one hundred pounds, and no effort to show any claim or right of possession on his behalf. There was no showing of any contract by which he was to have possession of this particular mule. The contract was that the landowner was to furnish "a team."

The case was tried out by the court as though damages were due the share cropper for a breach of the contract on the part of the landowner, and the verdict of the jury responded thereto, and the judgment of the court is in accord therewith.

We quote the following from brief of counsel for appellee:

"It would have been futile for the jury to return any verdict other than that assessing his damages, and, in this kind of case, the statute does not require any other kind of verdict, as the *appellee did not claim the property as his own, nor did he claim any interest, limited or otherwise, in it.*" (Italics ours.)

Section 3248, Hemingway's Code 1927 (section 4214, Code of 1906), provides for affidavits in replevin in this state. Under this statute, as well as at common law, plaintiff must have the right to immediate possession of the property sought to be taken in replevin. *Lloyd* v. *Goodwin,* 12 Smedes & M. 223; *Frizzell* v. *White,* 27 Miss. 198; *Buck* v. *Payne,* 52 Miss. 271; *Saunders* v. *Johnson,* 54 Miss. 428.

In replevin, the plaintiff has the burden of showing right of possession to the *idetical property in* controversy. *Brunson* v. *Volunteer Carriage Co.,* 93 Miss. 793, 47 So. 377; *Scarborough* v. *Lucas,* 119 Miss. 128, 80 So. 521.

Nowhere in this record does it appear that there was any agreement on the part of the landowner to furnish any particular team, and it is the universal rule that replevin is possessory, and that the plaintiff must show a right to immediate possession of the specific property described in the affidavit and declaration. That was not done in the instant case. The contrary appears. The court below should have granted defendant the peremptory instruction.

Reversed, and judgment here for appellant.

                                    *Reversed.*