Howard L. WYATT, Plaintiff,

v.

Bill COLE, John Robbins, II, J.B. Torrence, Rankin County, Mississippi; Lloyd S. Jones; Wiley Magee; Cindy Jenson; Ernest E. Smith; Simpson County, Mississippi; Ray Roberts; and The State of Mississippi, Defendants.

Civ. A. No. J87–0421(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 13, 1989.

Douglas M. Magee, Mendenhall, Miss., Jim Waide, Tupelo, Miss., for plaintiff.

John Robbins, II, Brandon, Miss., Jerome B. Steen, Whitman B. Johnson, III, Edward J. Currie, Jr., Jackson, Miss., Terrell

Stubbs, Mendenhall, Miss., Bruce B. Smith, Magee, Miss., Wayne E. Ferrell, Jr., Leslie Scott, Asst. Atty. Gen., Scott Levanway, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it various motions to dismiss and for summary judgment submitted by the Plaintiff and Defendants. The Court reads the pending motions to dismiss as motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(b). The defenses and claims presented are each intertwined with the claim of the Plaintiff for a declaration that the replevin with bond statute of the State of Mississippi is unconstitutional. The Court has heard argument on the motions, reviewed the extensive pleadings, memoranda, affidavits and exhibits submitted by the parties, and finds no continuing question of material fact which might preclude partial summary judgment on this central question. As set forth below, this Court finds that the Mississippi replevin under bond statute, Section 11–37–101 of the Mississippi Code, is contrary to the Constitution of the United States and therefore unenforceable.

### I.

Howard Wyatt brings this action under 42 U.S.C. § 1983, 28 U.S.C. § 2201, and pendant state law provisions for abuse of process. His central claim arises from an unjustified replevin by a former partner, Bill Cole. On July 25, 1986, Bill Cole submitted a Complaint in Replevin to the Circuit Court of Simpson County, Mississippi, accompanied by a Plaintiff's Replevin Bond of $18,000. A Writ of Replevin was then issued by Cindy Jenson, a deputy of Wiley Magee, Circuit Clerk of Simpson County. On July 28, Circuit Judge Jerry Yeager signed an Order directing the Circuit Clerk to issue a writ of replevin directed to the Sheriff of Simpson County, Mississippi. That writ was executed on July 29th and 30th by the Sheriff of Simpson County and others, who seized 24 head of cattle, a tractor and parts. The writ and a Summons were served on Wyatt on July 31, 1986. On October 3, 1986, Judge Yeager entered an Order dismissing the writ at the cost of the plaintiff, continuing the replevin bond in force, and ordering Cole to

immediately restore to the defendant the property taken from defendant pursuant to plaintiff's complaint in replevin and the writ of replevin if said property is to be had, or, if said property is not to be had, to pay unto defendant the value thereof and any damages in this cause for the wrongful suing out of the writ of replevin by plaintiff as assessed upon writ of inquiry.

The action in the Circuit Court was dismissed without prejudice on September 3, 1988, although Cole had not complied with the October 3, 1986, Order.

While a question exists as to the initial validity of the writ under the hand of a deputy court clerk without an order from a judge specified in the statute, the writ was not executed until a judge had ordered that such a writ be issued, and any defect in statutory procedure was then cured. It is uncontested that the writ was issued on a complaint as described in the statute, that the complaint was brought before a judge described in the statute, that the judge issued an order directing the issue of a writ, that the writ issued, that it was executed following judicial signal, and that Wyatt was deprived of property as a result.

### II.

The Mississippi replevin under bond statute is set forth in Section 11–37–101 of the Mississippi Code. It provides that an action in replevin will be commenced:

If any person, his agent or attorney, shall file a declaration under oath setting forth:

(a) A description of any personal property;

(b) The value thereof, giving the value of each separate article and the value of the total of all articles;

(c) The plaintiff is entitled to the immediate possession thereof, setting forth all facts and circumstances upon which

the plaintiff relies for his claim, and exhibiting all contracts and documents evidencing his claim;

(d) That the property is in the possession of the defendant; and

(e) That the defendant wrongfully took and detains or wrongfully detains the same; and shall present such pleadings to a judge of the supreme court, a judge of the circuit court, a chancellor, a county judge, a justice of the peace or other duly elected judge, *such judge shall issue an order directing the clerk of such court to issue a writ of replevin* for the seizure of the property described in said declaration, upon the plaintiff posting a good and valid replevin bond in favor of the defendant, for double the value of the property as alleged in the declaration, conditioned to pay any damages which may arise from the wrongful seizure of said property by the plaintiff....

(Emphasis supplied by the Court.) Miss. Code Ann. § 11–37–101 (1988 Supp.) The judge is given discretion only to determine proper valuation of the property to be seized. *See* Miss.Code Ann. § 11–37–103. The writ of replevin commands the sheriff or other lawful officer to immediately seize the property described in the writ and deliver it to the plaintiff and to summon the defendant to appear before the Court. Miss.Code Ann. § 11–37–109. A trial of a replevin action may be had at any time following seizure or summons, so long as five days' process have been had upon the defendant. Miss.Code Ann. § 11–37–125. If the defendant prevails, the plaintiff and his sureties are to restore any seized property or to pay the value of such property in damages for wrongful suit.

### III.

The Fourteenth Amendment of the Constitution of the United States provides, in part, that

No State shall ... deprive any person of life, liberty or property, without due process of law....

U.S. Const.Amend. 14, § 1. The Due Process Clause has been applied by the Supreme Court of the United States to prevent the taking of property both in replevin and by garnishment without sufficient process. *See Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *North Georgia Finishing v. Di–Chem*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). In both of these cases the Supreme Court held that statutes allowing seizures ordered by a court clerk without a hearing were unconstitutional. These cases did not prevent prejudgment seizures in every instance, and a Louisiana sequestration statute was upheld which allowed a creditor to obtain sequestration on order of a state court judge who was obligated to review the sufficiency of allegations in the petition for the writ prior to its issuance or denial. *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). The Fifth Circuit Court of Appeals applied the *Fuentes* standard in *Turner v. Colonial Finance Corp.*, 467 F.2d 202 (5th Cir.1972), striking down an earlier Mississippi replevin statute directing clerks of court to issue the writ. In *Johnson v. American Credit Company of Georgia*, 581 F.2d 526 (5th Cir.1978), the Fifth Circuit made clear that "due process requires that a prejudgment seizure be authorized by a judge who has *discretion* to deny issuance of the appropriate writ." *Johnson*, 581 F.2d at 534 (Emphasis supplied by this Court.)

The Mississippi replevin under bond statute provides no discretion to the judge to deny a writ of replevin on presentation of a complaint in the statutory form. By the terms of the statute, the judge "shall" grant whatever is presented. The required protections of judicial determination of the validity of the complaint, which are present in Mississippi's Claim and Delivery statutes, are absent. *See* Miss.Code Ann. § 11–38–1, *et seq.* (1988 Supp.). This failing makes consideration of insufficient notice under the statute unnecessary.

On May 31, 1988, Judge Robert Mills of the Circuit Court of George County declared "that the portion of the Miss.Code Anno. § 11–37–101, *et seq.* (Supp.1987) which provides for the pre-notice and pre-hearing seizure of property upon filing of the document specified therein and the posting of the specified bond is unconstitutional as it is a denial of due process of law...." The State of Mississippi, a De-

fendant in this case through its Attorney General, has likewise admitted the unconstitutionality of the statute.

The Court finds as a matter of law that Section 11–37–101 of the Mississippi Code, which states, "if any person ... shall file a declaration ..... and shall present such pleadings to a judge ... such judge shall issue an order directing the clerk of such court to issue a writ of replevin for the seizure of the property described in said declaration.....", does not provide such safeguards of procedure as are required by the Due Process Clause of the Fourteenth Amendment. The Court therefore finds that the taking of property of the Plaintiff, pursuant to a writ issued under this statute, was a taking of property without due process of law.

IT IS THEREFORE ORDERED that partial summary judgment is granted to the Plaintiff insofar as his request for declaratory judgment that the Mississippi replevin under bond statute is unconstitutional shall be granted by separate judgment.

IT IS FURTHER ORDERED that the Plaintiff shall present a Final Motion for Summary Judgment and an accompanying memorandum, containing all claims which continue against each Defendant, the legal bases for each of these claims, a statement pertaining to each claim as to whether it is ripe for summary judgment or whether a continuing question of material fact exists, and a statement as to the amount and form of damages being sought from each Defendant. This motion is to be filed no later than twenty (20) days following entry of this Order.

IT IS ALSO ORDERED that each Defendant may respond to this Motion of the Plaintiff and present memoranda containing any pertinent defenses within fifteen (15) days of the filing of the Motion by the Plaintiff. The Plaintiff shall thereafter have ten (10) days within which to file his rebuttals.

SO ORDERED.