PRATHER, Justice,
for the Court:
I. INTRODUCTION
This case involves a contract through which Jimmy L. Odom of Jim Odom & Associates, Inc. agreed to construct a “flexographic label press” for Raypress Corporation in exchange for $65,000 in consideration. Odom allegedly breached his contractual obligation by failure to deliver the press by the contracted deadline. This event prompted Raypress to attach or seize the partially-constructed press under authority of Mississippi’s so-called replevin statute. In the Lauderdale Circuit Court, Odom challenged the replevin statute as unconstitutional and sought as his remedy repossession of the press. The circuit court judge agreed that the statute failed the^ test of constitutionality but awarded Raypress possession of the press. Odom appealed. This Court affirms.

A. The Facts

In November 1986, Raypress Corporation and Jimmy L. Odom of Jim Odom & Associates, Inc., entered into a contract. Pursuant to this contract, Odom agreed to manufacture a “custom-built, 16-inch, 2-color, flexographic label press” in exchange for $65,000 in consideration. The contract called for completion and delivery of the press by June 1, 1987.
By June 1, 1987, Odom had not completed the press and Raypress had paid Odom $85,000 — $20,000 more than the contract price. Raypress learned that Odom had “virtually completed” the press, so Ray-press demanded that Odom deliver it — completed or not. Odom refused and demanded more money.
In December 1988, Raypress filed a complaint and a replevin bond in the Lauder-dale County Circuit Court — seeking the immediate seizure of the press under authority of Miss.Code Ann. § 11-37-101 (1972).[1] *857 Judge Larry E. Roberts approved the bond and ordered the circuit clerk to issue the writ.
On December 16, the Lauderdale County sheriff served Odom with a summons. About a week later, the sheriff seized the press.
In April 1989, Odom filed a motion for summary judgment and contended that the press should be returned to him because it was seized under a statute (§ 11-37-101) which had been declared unconstitutional by a federal district court. See Wyatt v. Cole, 710 F.Supp. 180 (S.D.Miss.1989). Raypress countered: (1) that the federal district court’s decision was not “binding” on the state circuit court, and alternatively (2) that the federal district court’s decision was erroneous as a matter of constitutional law.
In June 1989 — upon consideration of the parties’ pleadings, briefs, and oral arguments — Judge Roberts issued his judgment on Odom’s motion: “The Court ... will reserve ... ruling on the Motion for Summary Judgment until this civil action has been tried on its merits.”
In July 1989, Judge Roberts held trial. Upon completion of the trial, Judge Roberts issued his judgment:
THE COURT FINDS, ORDERS AND ADJUDGES that it has full jurisdiction of the subject matter and the parties hereto and may properly proceed at this time; that the Defendants were lawfully issued service of process for the statutory time; that Section 11-37-101 of the Mississippi Code, 1972, Annotated be and the same is hereby declared unconstitutional for failure to leave any discretion to the trial Judge in his decision as to whether or not a WRIT OF REPLEVIN should be issued for the immediate seizure of personal property; that for the reasons hereinafter set out the constitutional issues raised by the Defendants are hereby determined to be moot; that this Court continues to have jurisdiction of the subject matter of this civil action pursuant to Section 11-37-131 et seq. of the Mississippi Code, 1971, Annotated;[2] that the Plaintiff has fully and completely paid to the Defendants all sums necessary for the possession of the 16 inch, 2 color flexographic label press and is accordingly entitled and hereby granted the immediate possession of the aforede-scribed personal property; that the RE-PLEVIN BONDS posted by the Plaintiff, Raypress Corporation as Principal, and St. Paul Fire and Marine Insurance Company as Surety, be and said REPLEVIN BONDS are hereby fully and finally discharged and cancelled; and, that the Defendants suffered no compensable damages as the result of the seizure of the 16 inch, 2 color flexographic label press, said Defendants having no legal, equitable, or constitutional right of possession to such personal property.
Rec. Vol. I, at 73-74.

B. The Issues

Odom appealed and presented four issues for analysis. These issues are addressed in the next Section.
II. ANALYSIS

A. Issue # 1

Through the first issue, Odom asks this Court:
Was the Trial Court in error in taking the Motion for Summary Judgement [sic] under advisement and reserving his ruling until a trial on the merits?

1.

As discussed, Odom filed a motion for summary judgment, and the judge “reserve[d] ... ruling on the Motion ... until this civil action [w]as ... tried on its mer *858 its.” Odom now contends that the judge’s decision to “reserve ... ruling” was “clearly in violation of Rule 56.” Restated, Odom contends that the judge should have rendered his ruling immediately as opposed to waiting until later. Odom’s brief analysis of this issue is devoid of specification of the relief he hopes to receive in the event this Court were to agree with him. See Appellant’s Brief at 4.

2.

This issue is deemed moot for obvious reasons. This Court therefore affirms to this extent.

B. Issues #2, 3 & ⅛

Odom consolidated the following three issues because, he says, “they are so closely related”:
Was the Trial Court in error in holding that his finding that the Code Section, namely Section 11-37-101 MCA was and is un-constitutional, was moot?
Was the Trial Court in error in awarding its judgement [sic] based on a Code Section, namely 11-37-101 MCA that was pled and relied on by the Appellee?
The Trial Court was in error in not ordering the Appellee to restore the property to Appellant when it made the ruling that the Code Section 11-37-101 MCA being the Code Section pled and relied on by Appellee was un-constitutional.

1. Parties’ Contentions

The gist of Odom’s contention is simple: The judge should have ordered the return of the press because the sheriff executed the seizure under authority of an unconstitutional statute.
Raypress counters that “[t]here were no damages sustained by [Odom] and therefore [he] had no standing to question ... the constitutionality of the statute.”

2. Applicable Law

This Court’s decision in Underwood v. Foremost Financial Servs. Corp., 563 So.2d 1387 (Miss.1990), is dispositive of this issue. In Underwood, a creditor seized a mobile home under the replevin statute— § 11-37-101 — after the debtors had become delinquent in their monthly payments. The debtors then filed a complaint against the creditor — alleging that the pre-notice/pre-hearing seizure violated their constitutional rights to due process and that they sustained damages as a consequence. The debtors filed their complaint under authority of a federal statute — 42 U.S.C. § 1983.[3] The circuit court judge entered judgment against the debtors — reasoning that the creditor was not liable for damages since it had acted in accord with a presumptively valid, albeit unconstitutional, state statute. Id. at 1390-91. On appeal, this Court held: (1) that the statute was indeed unconstitutional;[4] (2) that liability may be imposed upon a creditor who violates, under color of law, a debtor’s constitutional rights; but (3) that liability may not be imposed upon a creditor who seized property in good-faith reliance on a statute later adjudged as unconstitutional. Id. at 1391; see generally Guzman v. Western State Bank of Devils Lake, 540 F.2d 948 (8th Cir.1976). This Court reversed and remanded for an evidentiary hearing on the issues of: (1) whether the creditor seized the mobile home in good-faith reliance on the unconstitutional statute and, if so (2) whether the debtor sustained any injury or damages for which liability should be imposed on the creditor. See also Duncan v. Peck, 844 F.2d 1261 (6th Cir.1988).[5] This *859 Court did not order the return of the home to the debtors because it agreed with the trial judge’s determination that the creditor was entitled to possession in view of the undisputed delinquency of monthly payments. Id. at 1392.

3. Application of Law

As discussed, Odom contends that the judge should have ordered the return of the press since it was seized under authority of an unconstitutional statute. But as Underwood instructs, the remedy for the unconstitutional seizure in the case sub ju-dice is not a judgment which permanently voids the seizure of the press; rather, the remedy is compensatory as provided under authority of 42 U.S.C. § 1983.[6] See also Carey v. Piphus, 435 U.S. 247, 254-57 & 264, 98 S.Ct. 1042, 1047-49 & 1052, 55 L.Ed.2d 252, 259-61 & 265 (1978) (leading decision on § 1983 damages in which Supreme Court noted that “damage awards under § 1983 should be governed by the principle of compensation”). As an analogy, consider the case of a student who is suspended for smoking marijuana without first being provided an opportunity to respond to the charges against him. Absent evidence of injury, the student cannot expect to recover either compensatory or permanent injunctive relief. Accord id. (holding that “the basic purpose” of § 1983 is “to compensate persons for injuries that are caused by the deprivation of constitutional rights”).[7] Compensation must be based on “provable injury” — not on some “subjective perception of the importance of constitutional rights as an abstract matter.” Memphis Community School District v. Stachura, 477 U.S. 299, 307-08, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249, 259 (1986) (defining compensatory damages broadly to “include not only out-of-pocket loss and other monetary harms, but also such injuries as ‘impairment of reputation ..., personal humiliation, and mental anguish and suffering’ ”) (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789, 811 (1974));[8] see also S. Steinglass, Section 1983 Litigation in State Courts § 16.2 (1989); R. Freilich & R. Carlisle, Section 1983 Sword and Shield 287-88 (1983) (citing cases).
In this case, Raypress contended: (1) that it had contracted with Odom for the *860 construction of a press; (2) that it had paid Odom $85,000 — $20,000 more than the contract price; (3) that Odom constructed the press but refused to deliver it; and (4) that it was entitled to possession of the press as a consequence of Odom’s breach of contract. Judge Roberts made a fact-finding consistent with Raypress’ statement of facts. The judge found that Odom had indeed breached the contract and awarded Raypress permanent possession of the press. Odom does not now dispute the judge’s fact-finding regarding the issue of breach of contract; therefore, this Court affirms the decision to award Raypress possession of the press. If Odom believes he is entitled to “something” simply because Raypress seized the press in unconstitutional manner, then Odom’s remedy is provided under § 1983.[9]
In sum, Odom erred when he sought permanent voidance of the seizure as his remedy for the violation of his constitutional rights. Moreover, Odom must have proved actual injury in order to receive compensatory damages, and actual injury is not evidenced in the record or the briefs. This Court therefore affirms on this issue.
III. CONCLUSION
For the foregoing reasons, this Court affirms.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

. Section 11-37-101 provides, in part, that an action in replevin will commence upon the plaintiffs filing of “a declaration under oath setting forth": (1) a description of the personal property; (b) the value of the property; (c) all facts and circumstances upon which entitlement *857 to "immediate [rejpossession” is predicated; and (4) an explanation that the defendant “is in possession” wrongfully.

. Judge Roberts deduced that he had "continuing jurisdiction of the subject matter of this civil action pursuant to Section 11-37-131” — another replevin statute. But the fact that he had found § 11-37-101 to be unconstitutional did not divest him of jurisdiction to resolve the contract dispute between Odom and Raypress. See, e.g., Underwood v. Foremost Financial Servs. Corp., 563 So.2d 1387 (Miss.1990).

. Section 1983 provides that “[e]very person who, under color of any statute ... of any State or Territory, subjects or causes to be subjected, any citizen ... to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured ... for redress.”

. The Mississippi Legislature has since redrafted the statute to meet minimum due-process requirements. See Miss. SB 2187 (1990) (amending § 11-37-101).

. In Duncan, the Sixth Circuit distinguished good-faith immunity from a good-faith defense and held that the latter applied to private individuals or entities in § 1983 actions challenging a seizure as unconstitutional. Good-faith immunity is a legal concept based on an objective test. A good-faith defense is a common-law concept based on a subjective test determinable by a review of the facts. 844 F.2d at 1263-67; but see Jones v. Preuit & Mauldin, 851 F.2d 1321 (11th Cir.1988).

. In cases where the debtor has yet to receive his hearing, the seizure should be voided and the property returned until such time. In this case, Odom has received his hearing and an opportunity to assert his right to possession of the press. Voidance of the seizure and an order to return the press to Odom would thus serve no purpose. See generally Guzman v. Western State Bank of Devils Lake, 540 F.2d 948 (8th Cir.1976); 7 Debtor-Creditor Law §§ 27.01[B] & [D] (T. Eisenberg ed. 1989) ("victim of an unconstitutional attachment procedure may have at his disposal not only the voiding of the attachment, but money damages as well”); see also Galbreath, Supreme Court’s Views As to Measure or Elements of Damages Recoverable in Federal Civil Rights Action Under 42 USCS § 1983, 91 L.Ed.2d 647, 651 (1988).

. The United States Supreme Court has approved of an award of nominal damages for the mere deprivation of constitutional rights. See Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252, 266 (1978) ("By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed_”); Memphis Community School District v. Stachura, 477 U.S. 299, 308 n. 11, 106 S.Ct. 2537, 2543-44 n. 11, 91 L.Ed.2d 249, 260 n. 11 (1986) (“Our discussion of that issue makes clear that nominal damages, and not damages based on some undefinable ‘value’ of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury.”).
A plaintiff who recovers nominal damages may also recover attorney’s fees. S. Steinglass, Section 1983 Litigation in State Courts § 16.2 n. 8 & 22.2 (1989).

.In addition to compensatory damages, nominal damages, and attorney’s fees, the Supreme Court has indicated that punitive damages and presumed damages may be awarded. See Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. 1042, 1052-53, 55 L.Ed.2d 252, 265 (1978) ("[I]t remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.”); Memphis Community School District v. Stachura, 477 U.S. 299, 310-11, 106 S.Ct. 2537, 2544-45, 91 L.Ed.2d 249, 261 (1986) (“When a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate” as a “substitute for ordinary compensatory damages” (emphasis in original).

. Judge Roberts seems to have reached the § 1983 damages issue. See Rec. Vol. I, at 74 ("[T]he Defendants suffered no compensable damages as the result of the seizure.”).