This appeal is from a default judgment for writ of replevin granted to North American Van Lines, Inc. (North American) against James A. Rush (Rush) by the Circuit Court of Kemper County, Mississippi.
Because Rush's attorney was standing in the courtroom attempting to present defenses to the replevin action, and because the replevin statute under which the proceedings were held had been declared unconstitutional, I believe the trial court should have dismissed the case, or at least granted Rush a continuance and a chance to present his defenses. Instead, the trial court granted a default judgment to North American. Believing this to be in error, I respectfully dissent.
 FACTS
On April 25, 1989, an attorney representing Rush appeared before the Circuit Court of Kemper County and sought to present Rush's defenses to a replevin action North American had pending based upon Miss. Code Ann. § 11-37-101 (Supp. 1989).
North American had sold Rush, a professional truck driver, a 1986 International Harvester tractor truck for $60,195, payable in weekly installments. When Rush *Page 1212 
contracted to purchase the truck, North American sold him the truck and presented him with 19 pages of contracts, including a conditional sales contract, security agreement, disabilityinsurance contract, vehicle damage protection plan, sales and use tax exemption certificate, contractor operating agreement, compensation schedule, and workers compensation insurance
authorization contract. This package deal authorized North American to collect the proceeds of the insurance contracts and to apply these proceeds to Rush's payments on the tractor as they came due. The insurance policies provided that all Rush had to do was file a claim and North American would receive the benefits under the policies. Rush could not receive any payments under the policies until the money he owed North American had been paid with the insurance proceeds.[1]
Rush's attorney also presented the lower court with a Motion to Dismiss and a Motion for Continuance, both typed on the same piece of paper. The two motions were based in part upon a federal court decision rendered 12 days previously which had declared the prehearing seizure portion of § 11-37-101 to be unconstitutional,Wyatt v. Cole, 710 F. Supp. 180 (S.D.Miss. 1989), and in part upon Rush's contention that he had been injured on the job unloading the truck and was therefore entitled to have his truck payments made under the insurance policy.
The circuit court denied these motions and entered a default in favor of the creditor, North American. Finding under these facts that this was an abuse of discretion, I would reverse.
 DEFAULT JUDGMENTS NOT FAVORED
Our law frowns upon default judgments, and favors allowing a party his day in court, therefore his due process. SouthwesternSur. Ins. Co. v. Treadway, 113 Miss. 189, 74 So. 143 (1917);Barlow v. Serio, 129 Miss. 875, 93 So. 356 (1922); McCaskillv. Little, 214 Miss. 331, 58 So.2d 801 (1952). All doubt should be resolved in favor of opening the judicial process and trying the case on the merits. Id.
The default judgment entered against Rush was not proper because the plaintiff in a replevin action has the burden ofproving he has an immediate right to possession of the propertysought. Patrick v. Michigan National Bank, 220 So.2d 273 (Miss. 1969); Robinson v. Friendly Finance Co. of Biloxi, 241 Miss. 239, 130 So.2d 256 (1961); Ouzts v. Carroll, 190 Miss. 217,199 So. 76 (1941); Garmon v. Fitzgerald, 168 Miss. 532, 151 So. 726
(1934); Johnson v. Sanders, 148 Miss. 472, 114 So. 334 (1927);Hinman v. Sabin, 147 Miss. 509, 112 So. 871 (1927);Scarborough v. Lucas, 119 Miss. 128, 80 So. 521 (1919); Dennisv. Robinson, 104 Miss. 548, 61 So. 597 (1913); Brunson v.Volunteer Carriage Co., 93 Miss. 793, 47 So. 377 (1908); andMiller v. McGehee, 60 Miss. 903 (1883).
Rush contends he had two meritorious defenses to this action, and had an attorney in court trying to present these defenses. The first defense was the fact that Wyatt had declared the Mississippi replevin statute to be unconstitutional 12 days prior to the hearing.[2]
The second defense was based on the insurance policies, under which North American had the right to collect proceeds otherwise due to Rush and to apply these proceeds to Rush's outstanding balance. Rush's attorney contended that since North American had a contractual right to take and apply the insurance proceeds to Rush's *Page 1213 
outstanding balance, North American was not entitled to immediate possession of the tractor.
This defense goes to the heart of the replevin action, becauseif North American had not been lawfully entitled to immediatepossession, it could not have been successful in the replevinaction. Boyd v. White Motor Credit Corp., 208 So.2d 757 (Miss. 1968); Galloway v. Brown, 230 Miss. 471, 93 So.2d 459 (1957);Erwin v. Potts, 216 Miss. 593, 63 So.2d 50 (1953); Tatum v.Sciscoe, 189 Miss. 803, 199 So. 70 (1941); Bell v. Smith,155 Miss. 227, 124 So. 331 (1929); Johnson v. Sanders, 148 Miss. 472,114 So. 334 (1927); Young v. Terry, 129 Miss. 281, 92 So. 76 (1922); Hauser v. Robbins, 61 Miss. 551 (1884); Lavigne v.Russ, 36 Miss. 326 (1858); and Frizell v. White, 27 Miss. 198
(1854).
Rush's motions to dismiss and for a continuance were duly filed and were overruled prior to the entry of the default judgment and yet the default judgment recites that Rush "wholly failed and refused" to file an answer or to respond to the replevin action, even though Rush's attorney was in court, having filed his pleadings.
 SEIZURE SHOULD HAVE BEEN VOIDED
When the unconstitutionality of the replevin statute was brought to the attention of the trial judge, who indicated that he had already read the Wyatt opinion, the seizure should have been voided and the property returned to the debtor until such time as a constitutional seizure could be had. "In cases where the debtor has yet to receive his hearing, the seizure should be voided and the property returned. . . ." Odom v. RaypressCorp., 601 So.2d 856, n. 6 (Miss. 1992); see generally, Guzmanv. Western State Bank of Devils Lake, 540 F.2d 948 (8th Cir. 1976); 7 Debtor-Creditor Law §§ 27.01[B] [D] (T. Eisenberg ed. 1989) ("victim of an unconstitutional attachment procedure may have at his disposal not only the voiding of the attachment,but money damages as well); see also Galbreath, SupremeCourt's Views As to Measure or Elements of Damages Recoverable inFederal Civil Rights Action Under 42 USCS § 1983, 91 L.Ed.2d 647, 651 (1988) (annotation to Memphis Community School Dist. v.Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986)).
It is elementary that a valid action cannot be maintained under an unconstitutional statute. Upon this point the authorities are universally in agreement:
 [A]n unconstitutional law is absolutely void. It is, in effect, mere waste paper, and no rights can accrue under it.
Pearl River County v. Lacey Lumber Co., 124 Miss. 85, 108, 86 So. 755 (1921). See also, McLaurin v. Burnley, 279 F. Supp. 220, (N.D.Miss. 1967), aff'd 401 F.2d 773 (5th Cir. 1968),cert. denied 399 U.S. 928, 90 S.Ct. 2228, 26 L.Ed.2d 795 (1970); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Stubbs v. Capital Paint Glass Co., 160 Miss. 832, 135 So. 495 (1931); and Norwood v. State, 136 Miss. 272, 101 So. 366 (1924).
In Underwood v. Foremost Financial Services Corp.,563 So.2d 1387 (Miss. 1990), this Court held not only that § 11-37-101 was unconstitutional, but remanded the case for a determination of "whether Foremost's unconstitutional seizure of the Underwoods' property was an act for which the creditor should be subjected to liability . . ." Underwood, 563 So.2d at 1392 (emphasis in original); see also Guzman v. Western State Bank of DevilsLake, 540 F.2d 948 (8th Cir. 1976).
Rush and his attorney were standing in the courtroom and were denied the right to tell their story to the judge. Rush should have been given his day in court because, as we have held on numerous occasions, default judgments are not favored. In denying Rush the right to defend himself, when he was present and represented by counsel, the trial judge abused his discretion, which in my opinion requires reversal.
Accordingly, I would reverse and remand for trial on the merits.
McRAE, J., joins this opinion.
[1] The contracts provided Rush the right to have his insurance benefits paid directly to North American as payments against the outstanding balance on his truck note. Section III Security Agreement p. 4, 7(g). If North American were a self-insurer (which is not clear from the record) then the contract authorized North American to pay itself the weekly payments owed by Rush in the event Rush became disabled on the job.
[2] The only method of replevin available is that provided by statute, and the statute must be strictly construed. Shoemake v.Federal Credit Co., Inc., 188 Miss. 683, 689, 690, 192 So. 561
(1940). However, the majority today allows a default judgment in a replevin action against Rush, despite the total absence of a valid replevin statute. *Page 1214